18282

CITY OF COLUMBIA, Appellant, v. GLENS FALLS INSURANCE COMPANY, South Carolina Insurance Company and South Carolina Tax Commission, Respondents. GLENS FALLS INSURANCE COMPANY, Petitioner, v. CITY OF COLUMBIA, Respondent. SOUTH CAROLINA INSURANCE COMPANY, Petitioner, v. CITY OF COLUMBIA, Respondent.

(139 S. E. (2d) 529)

120

*Messrs. John W. Sholenberger, Edward A. Harter, Jr.,* and *Edward M. Woodward,* all of Columbia, *for Appellant,*

*George L. Dial, Esq.,* of Columbia, *for Respondent-Tax-payers,*

*Messrs. Daniel R. McLeod, Attorney General,* and *James M. Windham, Assistant Attorney General,* of Columbia, *for Respondent,*

*Messrs. John W. Sholenberger, Edward A. Harter, Jr.,* and *Edward M. Woodward,* all of Columbia, *for Appellant,*

December 10, 1964.

LEWIS, Justice.

This appeal involves the authority of the South Carolina Tax Commission to issue an order directing the appellant, City of Columbia, to refund to the respondent insurance companies certain overpayments of business license taxes collected from them by the city for the years 1959, 1960 and 1961.

In 1962 the respondents, Glens Falls Insurance Company and South Carolina Insurance Company, paid their business license taxes to the City under protest and brought an action for their recovery, as permitted by Sections 65-2661 and 65-2662 of the 1962 Code of Laws, claiming that the license tax demanded by the City was in excess of the amount which could be legally collected from them under the applicable City ordinances and State statutes. This position of the respondents was sustained in an opinion of this Court filed April 10, 1963. *Glens Falls Insurance Company et al. v. City of Columbia*, 242 S. C. 237, 130 S. E. (2d) 573.

The respondents also overpaid their business license taxes for the years 1959, 1960, 1961, but did not pay them under protest so as to be able to bring an action for their recovery under the foregoing statutory provisions. However, claiming that Sections 65-2681 and 65-2682 of the 1962 Code of Laws provided an alternative remedy for the recovery of the overpayments, respondents petitioned the South Carolina Tax Commission under these statutory provisions for an order requiring the City to refund the overpayments made in 1959, 1960 and 1961. Responsive to the petition of respondents, the appellant, among other defenses, challenged the jurisdiction of the Tax Commission to order a refund of the license taxes in question. After a hearing, the Tax Com-

mission issued an order holding that it had jurisdiction in the matter and directing the City to refund to respondents the overpayments of taxes for the foregoing years. Subsequently, upon petition of the City, the lower court, under certiorari, reviewed and affirmed the order of the Tax Commission, from which judgment this appeal comes.

While other questions are raised by the exceptions, the only one which we need consider is whether the South Carolina Tax Commission had jurisdiction under the terms of Sections 65-2681 and 65-2682 of the 1962 Code of Laws to order the City of Columbia to refund to the respondents overpayments of business license taxes collected from them for the years 1959, 1960 and 1961. These sections, originally enacted in 1922, are as follows:

"Section 65-2681. Relief from erroneous, improper or illegal assessments.—Whenever it shall appear to the satisfaction of the Commission that any tax has been erroneously, improperly or illegally assessed against any person within this State, the Commission may order any officer having authority to assess or collect taxes to abate the whole or any part of such taxes that may have been erroneously, improperly or illegally assessed."

"Section 65-2682. Refund of taxes erroneously collected. —Whenever after due hearing the Commission by majority vote shall determine that any tax has been paid under an erroneous, improper or illegal assessment, the Commission shall order the officer having custody of the tax so erroneously, improperly or illegally paid to refund it to the person from whom it has been unjustly collected, and such officer shall refund the tax on such order if the officer shall have in his possession the tax so improperly collected or other funds from which it may be lawfully refunded."

The general statutory remedy in this State for the recovery of taxes illegally charged or assessed is found in Section 65-2661 *et seq.*, of the 1962 Code of Laws. These sections provide that a person may pay any tax under protest, which he conceives to be unjust or illegal,

and bring an action within thirty days after such payment, but not afterwards, for the recovery thereof. This remedy applies generally to any tax charged, levied, or assessed against a taxpayer by the State, county or municipality. This was the procedure adopted by respondents for the recovery of the overpayments made by them in 1962, but, as stated, was not available to them for the recovery of those made in 1959, 1960 and 1961 because the license taxes for those years were not paid under protest.

In accord with the contention of the respondents, the lower court held that the administrative remedy provided by Sections 65-2681 and 65-2682, quoted above, was coextensive in its application with the remedy provided by an action to recover taxes after payment under protest; and that respondents had, at their option, concurrent remedies for the recovery of the license taxes illegally paid, one by an action after payment under protest and the other by application to the Tax Commission for a refund. In other words, the lower court held, in effect, that respondents might voluntarily pay their business license taxes to the City and recover the same, if illegally imposed, by the simple expedient of applying to the Tax Commission for a refund under Sections 65-2681 and 65-2682 at anytime within the general statutory limitation period of six years provided in Section 10-143.

The appellant contends, however, that the administrative remedy provided by the quoted sections was not intended to apply to the particular taxes here involved. It will be noted that Section 65-2681 gives to the Tax Commission authority to abate any tax which "has been erroneously, improperly or illegally assessed." and under Section 65-2682 authority to order refunded any tax which "has been paid under an erroneous, improper or illegal assessment." The appellant argues that the administrative remedy provided in these sections applies only to a tax for which there has been an "assessment" creating a lien within the meaning of Article 10, Section 13, of the Constitution of South Carolina and Title 65, Chapter 18, Sections 1503 and 1504 of the 1962 Code of

Laws. These constitutional and statutory provision relate to assessments of property for taxation.

Article 10, Section 13, of the Constitution directs the General Assembly to "provide for the assessment of àll property for taxation" and provides that "State, county, township, school, municipal and all other taxes shall be levied on the same assessment which shall be that made for State taxes." Section 65-1503 of the 1962 Code of Laws implements the foregoing Constitutional provision by providing that all property taxes shall be levied on a uniform assessment which shall be that made for State taxes.

. In establishing the procedure for carrying into effect ■ the foregoing Constitutional mandate, the General Assembly created the South Carolina Tax Commission "in order to effectively carry into execution the equitable assessment of property for taxation." Section 65-51, 1962 Code of Laws. We think that a proper construction of Sections 65-2681 and 65-2682 requires the conclusion, in line with the stated legislative purpose in creating the Tax Commission, that the Commission was granted authority thereunder, upon compliance by the taxpayer with such provisions, to only rebate or refund any property tax which had been erroneously, improperly or illegally assessed within the meaning of Article 10, Section 13, of the Constitution. The statutes in question give to the Tax Commission the authoriy to grant relief only from "erroneous, improper or illegal assessments." While the word "assessment" is sometimes used in the field of taxation in a broader sense, we think that it was used in these statutes in the sense of "the value placed upon property for the purposes of taxation by officials appointed for that purpose." *State ex rel. Morse v. Cornwell et al.,* 40 S. C. 26, 18 S. E. 184. This interpretation is in keeping with the stated legislative purpose in establishing the Tax Commission. We find nothing in the legislative policy reflected in the various tax statutes in this State to warrant the conclusion that the Legislature intended to vest the Tax Commission with the broad authority to order refunded any

tax which might be illegally charged or imposed by the State, county, or municipalities.

Certainly, the Legislature did not construe the statutes in question as conferring upon the Tax Commission the general authority to order abated or refunded any tax whatsoever. This is evidenced by the enactment in 1960 of Section 65-2684 wherein the Tax Commission is granted authority to order refunded certain taxes, including State license fees, which have been "erroneously, improperly or illegally assessed, collected or otherwise paid over to the (Tax) Commission," regardless of whether such taxes were paid under protest, provided application is made for such refund within three years from the date such taxes are due to have been paid. If Sections 65-2681 and 65-2682 were intended by the Legislature to have the broad application contended by the respondents, it would have been unnecessary to subsequently provide the remedy set forth in Section 65-2684.

Under the lower court's construction of Sections 65-2681 and 65-2682 any taxpayer could acquiesce in the charge or imposition of any tax whatsoever, voluntarily pay the same, obtain his receipt, wait until anytime within the statutory limitation period of possibly six years, and then apply to the Tax Commission for a refund of the tax upon the ground that it was illegally imposed. Such a procedure would render the whole basis of taxation most unstable. We do not believe that the Legislature intended for these sections to have such broad application. If the Legislature did have this in mind when it enacted Sections 65-2681 and 65-2682, it will have to say so in clear and unmistakable language and leave nothing to implication.

We therefore hold that the remedy provided by Sections 65-2681 and 65-2682 applies only to assessments and refund of property taxes and does not afford a remedy for the recovery of the business license taxes here involved which, admittedly, are not property taxes.

In support of their position, the respondents have cited the cases of *Bank of Johnston v. Prince,* 136 S. C. 439, 134 S. E. 387 and *Chesterfied County v. State Highway Department of South Carolina,* 191 S. C. 19, 3 S. E. (2d) 686. These cases discussed the statutory provisions here involved in connection with the assessment of property taxes and are not inconsistent with the conclusions reached herein.

Reversed and remanded for entry of judgment in favor of appellant.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.