18391

The OWINGS MILLS, INC., Raymond C. Owings, and The South Carolina Tax Commission, Respondents, v. O. L. BRADY, Jr., County Treasurer of Spartanburg County, Appellant. On Petition for certiorari In re: (Before the South Carolina Tax Commission) The Owings Mills, Inc., and Raymond C. Owings, Petitioners, v. O. L. Brady, Jr., County Treasurer of Spartanburg County, Respondent.

(143 S. E. (2d) 717)

*Roy McBee Smith, Esq.,* of Spartanburg, *for Respondent-Appellant,*

*Messrs. T. Emmet Walsh, Esq.,* of Spartanburg, *for Respondent,*

August 17, 1965.

LEWIS, Justice.

The question to be decided in this appeal is whether the lower court erred in refusing to issue a writ of certiorari for review of an order of the South Carolina Tax Commission, in which the Commission directed the appellant, as treasurer of Spartanburg County, to refund to the respondents, Raymond C. Owings and the Owings Mills, Inc., certain property taxes which they had paid for the year 1962.

The respondents owned property in Spartanburg County, South Carolina, and paid their 1962 property taxes thereon

to appellant as treasurer of the county, but did not pay them under protest. Shortly thereafter they petitioned the county tax officials for a refund of the taxes upon the ground that they were entitled to a property tax exemption with respect to the particular property upon which the 1962 taxes had been paid, relying upon the tax exemption provision of Section 65-1570 of the 1962 Code of Laws. The county officials refused to make the requested refund and, following such refusal, the respondents petitioned the South Carolina Tax Commission and obtained from it, after a hearing, an order directing appellant to refund the 1962 taxes in question. Subsequently, appellant petitioned the lower court for a writ of certiorari to review the action of the Commission, mainly upon the ground that the Commission was without jurisdiction in the matter. The lower court denied the writ, holding that Sections 65-2681 and 65-2682 of the 1962 Code of Laws clearly conferred authority upon the Commission to order the refund of the taxes; and this appeal followed.

The parties are in agreement that the issuance of the writ depended upon whether there was substantial question as to the jurisdiction of the Commission under Sections 65-2681 and 65-2682 to order a refund of the taxes. In other words, if there was substantial question as to the jurisdiction of the Commission, the writ should have been granted. If not, it was properly refused. The pertinent portions of the statutes involved are as follows:

"§ 65-2681. Relief from erroneous, improper or illegal assessments.—Whenever it shall appear to the satisfaction of the Commission that any tax has been erroneously, improperly or illegally assessed against any person within this State, the Commission may order any officer having authority to assess or collect taxes to abate the whole or any part of such taxes that may have been erroneously, improperly or illegally assessed."

"§ 65-2682. Refund of taxes erroneously collected.— Whenever after due hearing the Commission by majority

vote shall determine that any tax has been paid under an erroneous, improper or illegal assessment, the Commission shall order the officer having custody of the tax so erroneously, improperly or illegally paid to refund it to the person from whom it has been unjustly collected,  *  *  *."

We think that the issue as to the jurisdiction of the Tax Commission to order a refund of taxes under the above statutes was largely disposed of in the case of *City of Columbia v. Glens Falls Insurance Company et al.,* 245 S. C. 119, 139 S. E. (2d) 529, filed subsequent to the order of the lower court in this matter. We said in that case, after discussing the legislative purpose in enacting the statutory remedy here involved:

"We think that a proper construction of Sections 65-2681 and 65-2682 requires the conclusion, in line with the stated legislative purpose in creating the Tax Commission, that the Commission was granted authority thereunder, upon compliance by the taxpayer with such provisions, to only rebate or refund any property tax which had been erroneously, improperly or illegally assessed within the meaning of Article 10, Section 13, of the Constitution. The statutes in question give to the Tax Commission the authority to grant relief only from 'erroneous, improper or illegal assessments.' While the word 'assessment' is sometimes used in the field of taxation in a broader sense, we think that it was used in these statutes in the sense of 'the value placed upon property for the purposes of taxation by officials appointed for that purpose.' *State ex rel. Morse v. Cornwell et al.,* 40 S. C. 26, 18 S. E. 184."

It follows that these statutes do not confer upon the Commission unlimited authority to refund property taxes. Its jurisdiction thereunder is restricted to a refund of property taxes that have been paid under an "erroneous, improper or illegal assessment," "assessment" meaning the value placed upon the particular property for purposes of taxation. Unless the valuation placed upon

the particular property is in question, the Commission has no jurisdiction under the present statutes to rebate or refund the taxes paid.

■ Therefore, the jurisdiction of the Tax Commission depended upon whether or not the tax ordered to be refunded was paid by respondents under an erroneous, improper or illegal valuation of their property for tax purposes. The appellant alleges that there was no such erroneous or illegal assessment involved. If that be true, the Commission was without jurisdiction to order a refund in this case. The record before us fails to show the basis of the Commission's action. This can only be determined from the record upon which the Commission based its order. Since there was a substantial question raised as to jurisdiction, which could only be determined from the record before the Tax Commission, the lower court should have granted appellant's petition for a writ of certiorari so that the basis of the Commission's action could be determined.

The respondents rely upon the cases of *Chesterfield County v. State Highway Department of South Carolina,* 191 S. C. 19, 3 S. E. (2d) 686, and *Bank of Johnston v. Prince,* 136 S. C. 439, 134 S. E. 387. The issue now before the court was not presented in those cases and they are therefore of no controlling effect.

The order under appeal is accordingly reversed and the cause remanded for the issuance of a Writ of Certiorari directed to the South Carolina Tax Commission to certify the record in the case to the lower court for review.

Reversed and remanded.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.