## 18641

The OWINGS MILLS, INC. and Raymond C. OWINGS, Petitioners-Respondents, v. O. L. BRADY, Jr., County Treasurer of Spartanburg County, Respondent-Appellant.

(154 S. E. (2d) 560)

*Roy McBee Smith, Esq.,* of Spartanburg, *for respondent-appellant,*

*T. E. Walsh, Esq.,* of Spartanburg, *for petitioners-respondents,*

*Roy McBee Smith, Esq.,* of Spartanburg, *for respondent-appellant,* in reply.

May 2, 1967.

BRAILSFORD, Justice.

This case is here a second time. The opinion in *Owings Mills, Inc. v. Brady,* 246 S. C. 361, 143 S. E. (2d) 717,

should be read for a statement of the factual background of the controversy. Our former judgment remanded the case to the circuit court with directions that a writ of *certiorari* issue to the South Carolina Tax Commission for the purpose of determining the jurisdiction of the Commission under Sections 65-2681 and 65-2682, Code of 1962, to order a refund of certain property taxes assessed for 1962 against Owings Mills, Inc. and Raymond C. Owings and paid without protest to Spartanburg County. This is an appeal by the treasurer of Spartanburg County from an order of the circuit court affirming the jurisdiction of the Commission to order the refund.

Our former decision pointed out the limitations upon the Commission's authority to order a refund of taxes.

"It follows that these statutes do not confer upon the Commission unlimited authority to refund property taxes. Its jurisdiction thereunder is restricted to a refund of property taxes that have been paid under an 'erroneous, improper or illegal assessment,' 'assessment' meaning the value placed upon the particular property for purposes of taxation. Unless the valuation placed upon the particular property is in question, the Commission has no jurisdiction under the present statutes to rebate or refund the taxes paid.

"Therefore, the jurisdiction of the Tax Commission depended upon whether or not the tax ordered to be refunded was paid by respondents under an erroneous, improper or illegal valuation of their property for tax purposes. The appellant alleges that there was no such erroneous or illegal assessment involved. If that be true, the Commission was without jurisdiction to order a refund in this case." *Owings Mills, Inc. v. Brady,* 246 S. C. 361, 364-365, 143 S. E. (2d) 717, 719.

The taxpayers' claim to a refund of taxes is based upon Section 65-1570, Code of 1962, which grants a five year exemption from all county taxes except for school purposes to certain industrial plants located in

374

Spartanburg County. Assuming that the taxpayers were qualified for the exemption, the sole issue is whether they are entitled to a refund from the county after having paid the full amount of the tax without protest. The valuation placed upon the property is not in controversy, and the propriety of its having been listed and valued for tax purposes is manifest. Taxes for school purposes which have been paid on the basis of this valuation are not in question. Our former decision is binding on the parties as the law of this case. The above quotation from it requires the conclusion that on these facts the Commission had no jurisdiction to order a refund of the taxes in question.

Reversed.

Moss, C. J., Lewis and Bussey, JJ., and G. Badger Baker, Acting J., concur.