### BETENBAUGH, AUDITOR, v. S. C. TAX COMMISSION *ET AL.*

#### (132 S. E., 589)

1. TAXATION—RULING OF STATE TAX COMMISSION APPROVING RAISE IN ASSESSMENT BY COUNTY BOARD, GIVES JURISDICTION TO TAX BOARD OF REVIEW ON APPEAL (CIV. CODE 1922, § 369).—Where County Board of Assessors raised assessment made by township board, and State Tax Commission affirmed action of County Board of Assessors, approving and adopting it as its action, the Tax Board of Review under Civ. Code 1922, § 369, has jurisdiction on appeal; action of the Tax Commission operating as increase in asssessment.

2. TAXATION—DIRECTION OF STATE TAX COMMISSION TO AUDITOR, RELATIVE TO DISPUTED ASSESSMENT, IS BINDING ON HIM, PRECLUDING HIM FROM BRINGING MANDAMUS TO COMPEL COMMISSION TO DIRECT DIFFERENT ASSESSMENT.—Where State Tax Commission directed County Auditor relative to amount of tax on disputed assessment, auditor is bound by the order, even though communication of State Tax Commission, states that order is based on ruling of Tax Board of Review, and auditor is precluded from bringing mandamus to compel Tax Commission to order him to enter · different assessment.

Before BONHAM, J., Union, February, 1925.  Affirmed.

Application for mandamus by James S. Betenbaugh as Auditor of Union County, against W. G. Query and others, as South Carolina Tax Commission, and Emslie Nicholson. From a decree denying the petition and discharging the rule to show cause, relator appeals.

The following is the decree of the Circuit Judge, directed to be reported.

"January 13, 1925, I issued a rule requiring respondent herein to show cause before me why the South Carolina Tax Commission should not be compelled to notify and instruct the relator, J. S. Betenbaugh, as Auditor of Union County, to enter upon the Auditor's books of Union County the house, improvements, and land of Emslie Nicholson, described in the petition for the rule, at the assessed value of $18,000.00.

"The issues grow out of the following facts: The house, improvements, and land of Emslie Nicholson, situate in Bogansville Township, Union County, assessed in 1924 by the Township Board of Assessors at $11,800.00. The County Board of Assessors of Union County raised this assessment to $18,000.00. The State Tax Commission affirmed the assessment of the County Board. On appeal, the Tax Board of Review reversed this action and restored the assessment of the property to $11,800.00, as it had been fixed by the Township Board of Assessors. Thereupon, the State Tax Commission notified the Auditor, the relator herein, of the action of the Tax Board of Review in the following language: 'As the result of an appeal to the Board of Review by Mr. Emslie Nicholson, the Board has directed that the assessment on Mr. Nicholson's home be placed at $11,800.00, the amount assessed by the Township Assessors. Based on the decision, you are directed to enter the above-named assessment against the property for the year 1924. If it is necessary to handle this by way of abatement, we would thank you to prepare petition and forward to us for approval.'

"The relator seeks to have the assessment entered on his books, as Auditor, at $18,000.00, by compelling the State Tax Commission to order him to do so. He claims that the action of the Tax Board of Review is without force, because no appeal lay from the action of the State Tax Commission, because that body had not increased the assessment. Section 369, Volume 3, Code of 1922, provided that, 'whenever the Tax Commission shall increase any assessment,' an appeal will lie to the Tax Board of Review. At the hearing of this present proceeding, counsel and the Court agreed that it was a condition precedent to the appeal to the Tax Board of Review that the State Tax Commission should have raised the assessment. I thought then that there had been no raising of the assessment by the State Tax Commission, and hence that the Tax Board of

Review had no jurisdiction to hear the appeal; but, upon more mature consideration, I think that position is incorrect. The County Board of Assessors raised the assessment made by the Township Board. On appeal, the State Tax Commission affirmed the action of the County Board of Assessors, thereby approving and adopting as its action the raise made by the County Board. If this position is correct, then Tax Board of Review had jurisdiction to hear this case.

"Moreover, the County Auditor takes his orders in the matter of disputed assessments from the State Tax Commission, and that body has directed him to place the assessment of this property on the tax books of the County at $11,800.00, the amount fixed in the first instance by the Township Board. It is true that the State Tax Commission states in its communication that its order to the Auditor is based on the ruling of the Tax Board of Review. Nevertheless, it becomes the order of the State Tax Commission to the Auditor, and he is bound by it.

"It follows from these conclusions that the writ of mandamus cannot be granted. It is, therefore, ordered and adjudged that the petition be denied and the rule discharged."

*Mr. John K. Hamblin,* for appellant, cites: *Mandamus proper to control discretion of public officers only when discretion abused:* 130 S. C., 337; 81 S. C., 416; 2 McC., 170; 4 Burr, 2186; 100 U. S., 339; 25 L. Ed., 676; 74 U. S., 364; 19 L. Ed., 214; 9 Wheat, 529; 6 L. Ed., 152; 45 S. E., 994; 139 Mo., 560; 61 A. S. R., 474; 76 Cal., 545; 9 A. S. R., 249; 13 N. E., 201. *Appeals from South Carolina Tax Commission to State Board of Review:* Civ. Code, 1922, Sec. 369. *Tax Commission limited to powers given by Legislature:* 113 S. C., 376. *Tax Commission without right to change its decision of its own motion:* 89 S. C., 478; 88 S. C., 474; 42 L. Ed., 953; 38 L. Ed., 269; 15 A. & E. Enc. of Law, 2nd Ed., 1046; 1 Wall, 175; 3 Wall, 294; 9 Wall, 50; 16 Wall, 678.

*Messrs. Elliott & McLain,* for respondent, Emslie Nicholson, cite: *Right of appeal should be construed liberally:* 128 S. E., 360.

*Messrs. John M. Daniel, Attorney General,* and *J. Fraser Lyon,* for respondent, South Carolina Tax Commission.

April 5, 1926.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. O. PURDY.

The nature of the controversy and a full statement of the facts are set forth in the decree of his Honor, Judge Bonham. The reasoning of his Honor and the conclusions reached by him are satisfactory to this Court in the disposition of the matter at issue. The exceptions to his decree are, therefore, overruled, and the judgment is affirmed.

Let the decree of his Honor, Judge Bonham, be reported.

MESSRS. JUSTICES WATTS, COTHRAN, BLEASE and STABLER concur.

MR. CHIEF JUSTICE GARY did not participate.