15885

MURPH, COUNTY AUDITOR, v. QUERY *ET AL.*
(40 S. E. (2d), 245)

*Messrs. H. K. Osborne* and *Thos. B. Butler,* of Spartanburg, for Plaintiff-Petitioner,

*Mr. John M. Daniel,* Attorney General, and *Mr. Claude K. Wingate,* Assistant Attorney General, both of Columbia, for Defendants,

November 11, 1946.

MR. ASSOCIATE JUSTICE STUKES delivered the majority opinion of the Court.

This proceeding is in the original jurisdiction of the Court by permission of an Associate Justice who issued a rule against the South Carolina Tax Commission, its members and the Director of its Property Tax Division, to show cause why the commission should not be enjoined from further proceeding against the plaintiff as the auditor of Spartanburg County to procure the assessment and levy of

the usual property taxes against and upon livestock in that county.

Section 28 of the Spartanburg County Supply Act of 1945, 44 Stat., 1195, directed 'the County Auditor to eliminate all taxes for that year upon livestock; and the Supply Act of the next year, approved March 28th, 1946, 44 Stat., 2430, contained the same provision as its section 26.

Proceeding upon an opinion of the Attorney General that the attempted exemptions from taxation were invalid because unconstitutional, the commission ordered the auditor to obtain the assessment of the livestock of the taxpayers of the county and include it in the taxable property, despite the cited provisions of the County Supply Acts of 1945 and 1946.

The rather elaborate pleadings need not be fully reviewed for they make the issue, among others, that the County Auditor is subject in the performance of his duties to the superior authority of the Tax Commission and cannot dispute or challenge the correctness of the rulings and orders of the latter. Because the case turns upon this single issue it is not necessary to even state the other interesting, and possibly difficult, questions which were argued in the briefs of counsel. This treatment will not prejudice the respective positions of the litigants regarding these other questions.

The answer to the presently controlling question is patent under the prior decisions of this court. *Betenbaugh v. Tax Commission,* 134 S. C., 281, 132 S. E., 589, *Bank of Johnston v. Prince,* 136 S. C., 439, 134 S. E., 387. The county tax officials are subordinate to the State Tax Commission and are required to comply with its orders and follow its directions in tax matters within its authority. Chapter 106, Civil Code of 1942, Sec. 2419 *et seq.,* particularly section 2426. In view of this established rule the plaintiff cannot maintain this action for injunction.

The temporary injunction is dissolved, the rule discharged and the proceeding dismissed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE and OXNER concur and MR. CHIEF JUSTICE BAKER concurs in result. MR. ASSOCIATE JUSTICE TAYLOR did not participate.