18206

FURMAN UNIVERSITY, Respondent, v. O. W. LIVINGSTON, Robert C. Wasson, James H. Sullivan, J. A. Calhoun, Jr., and Harold Murph, as members of and constituting and being the South Carolina Tax Commission, Appellants.

(136 S. E. (2d) 254)

Messrs. *Daniel R. McLeod, Attorney General,* and *James M. Windham, Assistant Attorney General,* of Columbia, *for Appellants,*

*P. Bradley Morrah, Jr., Esq.,* of Greenville, *for Respondent,*

May 4, 1964.

Moss, Justice.

Furman University, an eleemosynary corporation, the respondent herein, brought this action against the South Carolina Tax Commission, the appellant herein, under Sections 65-2686 and 65-2687 of the 1952 Code (1960 Cumulative Supplement) to recover certain admissions taxes, with interest thereon, which had been paid under protest.

It appears that during the fall of 1960 a series of football games were held in the County of Greenville, wherein the varsity and freshman teams of the respondent played various opponents and to which the general public was invited to attend. Tickets of admission were sold by the respondent and in addition to the admission price there was collected from each purchaser of a ticket the admissions tax imposed by Section 65-801 of the 1952 Code. It is agreed that the total amount of such admissions taxes was $4,382.12 and such "had been paid by those purchasing

tickets to athletic contests staged by" the respondent in the fall of 1960.

Section 65-801, as is contained in the 1960 Cumulative Supplement to the 1952 Code, provides as follows:

"There shall be levied, assessed, collected and paid upon all paid admissions to all places of amusement within this State a license tax of one cent for each ten cents or fractional part thereof paid for any such admission, but no tax shall be charged or collected on:

\* \* \*

"(4) Admissions charged by any eleemosynary or non-profit corporation or organization;

\* \* \*

"Such tax shall be paid by the person paying such admission price and shall be collected and remitted to the Commission by the person collecting it."

The respondent, in its complaint, alleges that under the above quoted statute it is exempt from the admissions tax provided for therein and that the said admissions taxes were erroneously, improperly and illegally assessed and collected by the appellant. Respondent further asserts that it paid such admissions taxes over to the appellant under protest and this action is brought to recover same.

The appellant interposed a demurrer asserting that the complaint on its face fails to state facts sufficient to constitute a cause of action for the reason that the taxes sought to be recovered by the respondent are, by statute, imposed not upon the respondent but upon the purchasers of the tickets who, in fact, paid the taxes. Therefore, the respondent has no standing to bring an action to recover such taxes since it is not the taxpayer.

The demurrer came on to be heard by the Honorable John Grimball who issued his order overruling the same. In so doing, the Trial Judge held that the provisions of sub-section 4 of Section 65-801 of the 1952 Code, above quoted, served to exempt tickets to football games, in which

teams of the respondent engaged, from the admissions tax. He further held that, "in effect" the respondent is the "taxpayer," and entitled to bring this action to contest the admissions tax here involved. It is from the order overruling the demurrer that the appellant prosecutes this appeal.

We shall first determine whether or not the respondent is a "taxpayer" and entitled to maintain this action under the provisions of the Code upon which the action is based. Section 65-2686, as is contained in the 1960 Cumulative Supplement to the 1952 Code, provides *inter alia* that:

"* * * whenever it shall appear to any taxpayer that any license fee or tax imposed under this Title has been erroneously, improperly or illegally assessed, collected or otherwise paid over to the Commission, the taxpayer, by whom or on whose behalf the license fee or tax was paid, may make application to the Commission to abate or refund in whole or in part such license fee or tax. * * *"

In Section 65-2687 of the Code it is provided that should the Commission decline to abate or refund the license fee or tax, the taxpayer may, within thirty days after the date of the receipt of the notice of the Commission's action declining the abatement or refund, bring an action against the Commission for the recovery of the license fee or tax.

The admissions tax imposed by Section 65-801 of the Code, above quoted, is required to be paid by the person or persons paying the admission price of a ticket. The statute requires the tax so imposed to be collected and remitted to the South Carolina Tax Commission by the person or persons collecting such admission price. The admissions tax so imposed is not paid by Furman University, but by the persons who saw fit to attend the football games to which an admission fee was charged. The only duty enjoined on the respondent was to collect and remit the tax; it had no burden otherwise. The respondent here was merely a collection agent for the State Tax Commission.

The right given under Sections 65-2686 and 65-2687 of the Code, above referred to, to sue for a refund of taxes erroneously, improperly or illegally assessed is restricted to those on whom the tax liability is imposed. A withholding or collection agent who has reimbursed himself by withholding or collecting the amount of the taxes from a third person is not entitled to a refund of such taxes. In such case, the right to a refund is in the "taxpayer" from whom the funds were withheld or collected.

It does not necessarily follow from the fact that taxes were erroneously paid that the respondent is the proper party to bring suit for their refund. It is fundamental that one without interest in the subject matter of a law suit has no legal standing to prosecute it. Accordingly, a person who has no financial interest in taxes alleged to have been erroneously collected has no legal standing to sue for their refund. *Sharp & Dohme v. United States,* 3 Cir., 144 F. (2d) 456.

In the case of *Shannopin Country Club v. Heiner,* 3 Cir., 2 F. (2d) 393, it was held that the Federal Revenue Act of 1921 did not impose a primary liability upon a club to pay a membership tax other than to act as agent for the government in collecting the amount of taxes imposed by the statute, and the Court, in denying any relief to the club, held that it had paid no part of the taxes which it was seeking to recover. It was further held that the members of the club were the parties injured by the tax and are the ones entitled to recover the taxes assessed, if such were illegal or erroneous. It was held in the case of *Twentieth Century Sporting Club v. United States,* 34 F. Supp. 1021, 92 Ct. Cl. 93, that under an admissions tax statute imposing a tax on all persons paying for admissions, a corporation which promoted boxing contests and transmitted to the government the amount of taxes collected by the corporation from patrons of the contest, was not the "taxpayer" and could not maintain an action to recover alleged overpayments.

In *Maynard v. Thrasher,* 77 Ga. App. 316, 48 S. E. (2d) 471, it was held that under a statute permitting a refund of allowance of taxes imposed on motor fuel sold at retail, the retailer was not a "taxpayer" in his capacity of collecting the motor fuel taxes because the purpose and intent of the statute was to levy the tax on the consumer and the retailer was merely the agent of the State for the collection of said tax. In *Commonwealth v. Kaplan,* 311 Pa. 539, 166 A. 883, it was held that with respect to gasoline tax, a gasoline vendor is not "taxpayer" but commonwealth's collector or agent.

The case of *Asmer v. Livingston,* 225 S. C. 341, 82 S. E. (2d) 465, was an action by a retail liquor dealer for a refund of the cost of tax stamps affixed to alcoholic beverages which were destroyed and damaged by fire. This Court held that in view of the fact that it is contemplated by the Alcoholic Beverages Tax Statute that the tax shall be paid by the wholesaler, a statute authorizing a refund to a licensee of cost of stamps affixed to such goods which have been damaged and are unfit for sale, referred only to the holder of a wholesaler's license to the exclusion of a retailer, since the word "refund" indicated that repayment was to be made only to the one who had originally paid the tax. It was further held that if the Legislature intended to make provision for a refund of such tax to a person other than the one from whom it had been collected, it would have so expressed itself. This case is of tangent interest here.

It is our conclusion that the respondent is not the "taxpayer," under the facts revealed by this record, authorized by the aforesaid statutes to bring an action for the recovery of the admissions taxes here involved. The payment by the respondent to the appellant of the admissions taxes collected by it from those purchasing tickets to the athletic contests staged in the fall of 1960, does not deprive Furman University of any funds collected as the admission price of tickets to such athletic contests.

In view of the foregoing conclusion, it becomes unnecessary for us to pass upon the other question raised by the appellant.

The judgment of the lower Court is reversed and this case is remanded thereto for the purpose of entering an order sustaining the demurrer interposed by the appellant.

Reversed and remanded.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.