18475

T. C. MEREDITH and George W. Rogers, Respondents, v. Tom E. ELLIOTT, as Treasurer for Richland County, South Carolina, Appellant.

(147 S. E. (2d) 244)

336

*Joseph D. Sapp, Esq., County Attorney,* of Columbia, *for Appellant,*

*Messrs. Thomas E. McCutchen* and *D. Reece Williams, III,* of Columbia, *for Respondents,*

March 11, 1966.

Moss, Acting Chief Justice.

T. C. Meredith and George W. Rogers, the respondents herein, brought this action against Tom E. Elliott, as Treasurer of Richland County, the appellant herein, under

Section 65-2661 *et seq.,* Code of 1962, to recover the sum of $206.88, with interest thereon, which had been paid under protest, being a part of the taxes assessed for the year 1962 against the property owned by them located in School District No. 1, Richland County, South Carolina. The respondents contend that the aforesaid taxes were wrongfully or illegally assessed and collected because an excessive and erroneous appraisal of the property was made by the tax assessor for the aforesaid district.

The record shows that the respondents were the owners of a tract of land containing 11.7 acres, upon which during the year 1961 two warehouses were erected. The tax assessor for Richland County appraised this property and placed a valuation thereon of $194,400.00 and, upon objection being made to such appraisal by the respondents, the assessor reappraised the property and reduced such to $174,000.00. Applying to this appraisal the assessment ratio applicable to all property in said School District No. 1 for the year 1962, the property was assessed at $16,200.00, which when multiplied by the fixed millage in said district resulted in a total property tax of $1,101.60. This is the tax paid under protest by the respondents.

It is the position of the respondents that the valuation of the aforesaid property should not exceed $144,333.17, this being the total sum invested by them in said property. It is further contended that upon this valuation the real property taxes for the year 1962 should have been $894.72, and hence they are entitled to a refund of $206.88, with interest thereon, as provided by law because of such illegal assessment and the collection of taxes thereon.

It is the position of the appellant that the property of the respondents was properly appraised and assessed for tax purposes pursuant to Sections 65-3645.1 *et seq.,* Code of 1962, and the amount of taxes charged and collected upon said property was correct. It is also the position of the appellant that the respondents did not exhaust their adminis-

trative remedies by prosecuting an appeal from the assessment of their property for taxation, and not having done so they are precluded from maintaining this action.

This case came on for trial before the Honorable John Grimball, Presiding Judge, and a jury, and resulted in a verdict in favor of the respondents for $206.88. At appropriate stages of the trial, the appellant made motions for a nonsuit and directed verdict in his favor. After the verdict for the respondents, the appellant made motions for judgment *non obstante veredicto* and, in the alternative, for a new trial. These motions were refused and this appeal followed.

The appeal in this case can be disposed of by determining the question, posed by the respondents, of whether they had the right under Section 65-2661 and Section 65-2662 of the Code, to bring an action in the Court of Common Pleas against the appellant for the recovery of taxes based upon an assessment which followed an excessive appraisal.

The constitutional and statutory provisions here pertinent are as follows:

Article I, Section 6 of the Constitution provides:

"All property subject to taxation shall be taxed in proportion to its value."

Article III, Section 29 provides:

"All taxes upon property, real and personal, shall be laid upon the actual value of the property taxed, as the same shall be ascertained by an assessment made for the purpose of laying such tax."

Article X, Section 1 provides:

"The General Assembly shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe regulations to secure a just valuation for taxation of all property, real, personal and possessory."

Code Section 65-1648 provides:

"All property shall be valued for taxation at its true value in money, which * * * shall be held to be as

follows, to wit: * * * and for real property, the usual selling price on the usual terms of similar property at sales for partition under the order of the court, at the place where the return is to be made. If there is no usual selling price, then such property shall be valued at what is honestly believed could be obtained for it at a fair sale under the conditions before mentioned."

The General Assembly of this State, at its 1958 Session, enacted into law Act No. 952, 50 Stats. 1972, entitled "An Act Relating To The Assessment Of Taxes In Richland County So As To Further Provide Therefor." This Act became effective on July 1, 1958, and appears in the 1962 Code as Sections 65-3645.1 through 65-3645.8, inclusive. There was created by the cited statutes the Richland County Board of Assessment Control and a Tax Assessor for School District No. 1 of Richland County. The purpose of this legislation was to bring about the fair and equitable assessment of all taxable property within School District No. 1 of Richland County. The tax assessor for this taxing district was given:

"All powers, duties and privileges of the Board of Tax Assessors, Board of Township Assessors and Chairman of Board of Assessors, so far as they relate to the assessment and valuation of property in School District No. 1, shall be devolved upon the tax assessor subject, however, to policies as determined by the Board of Assessment Control for Richland County. * * *"

The tax assessor was given authority to:

"3. Fairly and impartially assess the value of all property, both real and personal, in School District No. 1, and enter it upon the returns and lists furnished the tax assessor;

"4. Make such changes, by way of increase or decrease, in the valuation of any taxable property in Richland County School District No. 1 as returned by any person or as fixed by the county auditor as may in the tax assessor's judgment be necessary or proper to conform with the

methods, policies, rules and regulations of the Board of Assessment Control; and

"5. From time to time, whenever in the tax assessor's judgment it shall appear necessary, re-assess any or all taxable property in Richland County School District No. 1 so as to reflect its proper valuation in the light of changed conditions."

By Section 65-3645.7 of the Code there was created the Richland County Board of Assessment Appeals and such was given authority to act on appeals from the assessments of the tax assessor of School District No. 1. By this same statute the powers and duties of the Richland County Board of Equalization were given to such Board of Assessment Appeals.

It appears that the Board of Assessment Control, on August 2, 1962, notified the respondents that their property had been appraised at a value of $174,000.00 and with an assessment for tax purposes of $16,200.00. They were advised that they could appeal this decision to the Richland County Board of Assessment Appeals. It appears that on September 21, 1962, that the Board of Assessment Appeals notified the respondents that it had acted on their appeal from the assessment of the tax assessor and confirmed the appraised value of said property at $174,000.00 and with an assessed valuation of $16,200.00. There was no appeal by the respondents to the South Carolina Tax Commission from the adverse order of the Richland County Board of Assessment Appeals.

Article X, Section 13, of the Constitution directs the General Assembly to "provide for the assessment of all property for taxation" and Section 65-1503 of the 1962 Code of Laws implements the foregoing constitutional provision by providing that all property taxes shall be levied on a uniform assessment which shall be that made for state taxes. The South Carolina Tax Commission was created "in order to effectively carry into execution the

equitable assessment of property for taxation." Section 65-51 of the Code. The word "assessment" used in the Constitution and the statutes means "the value placed upon property for the purposes of taxation by officials appointed for that purpose." *Owings Mills, Inc. v. Brady*, 246 S. C. 361, 143 S. E. (2d) 717. Sections 65-2681 and 65-2682 of the Code gives to the South Carolina Tax Commission the authority to grant relief only from "erroneous, improper or illegal assessments" and if no erroneous or illegal assessment is involved, the commission would be without jurisdiction to abate or order a refund of taxes.

We point out also that under Section 65-64(15) that the commission is given authority to order reassessment of real and personal property, in any assessment district when, in the judgment of the commission, such reassessment is advisable or necessary to the end that all classes of property in such assessment district shall be assessed in compliance with the law and for that purpose may request the assessors making the original assessment to make such reassessment. In the event the commission directs a reassessment of real and personal property, the county tax officials being subordinate to the commission, are required to comply with its orders in matters within its authority. *Murph v. Query*, 209 S. C. 354, 40 S. E. (2d) 245.

The case of *Hampton v. Dodson*, 240 S. C. 532, 126 S. E. (2d) 564, was an action to enjoin the county officials from proceeding with the real estate assessment program in School District No. 1 of Richland County, pursuant to the provisions of Act. No. 952, hereinbefore referred to. This Court, in affirming as to result the dismissal of the action by the lower court, said:

"The legislation here under attack relates only to the assessment of property for tax purposes; purports to correct inequities as among taxpayers of School District No. 1 now found to exist in the assessment of such properties; and it

does not impose or purport to impose any tax. It clearly preserves the right of any taxpayer who may feel aggrieved by the ultimate assessment of his property, either on the ground of inequity within District No. 1, or of inequity as between School District No. 1 and any other school district, to have such assessment reviewed by the Richland County Board of Assessment Appeals, the South Carolina Tax Commission and, ultimately, by the courts."

It thus appears that there was available to the respondents the administrative remedy of appealing from the decision of the Richland County Board of Assessment Appeals to the South Carolina Tax Commission. They did not avail themselves of this administrative remedy. It is well settled in this State that generally the exhaustion of administrative relief available to a party is necessary before the party can seek redress in the courts. *Stanley v. Gary,* 237 S. C. 237, 116 S. E. (2d) 843; *Lominick v. City of Aiken,* 244 S. C. 32, 135 S. E. (2d) 305.

A party who feels himself aggrieved by overvaluation of his property for purposes of taxation and does not resort to the tribunal created by the State for correction of errors in assessment cannot maintain an action at law to recover the excess of taxes paid beyond what should have been levied on a just valuation. The courts cannot, in such cases, take upon themselves the functions of a revising or equalizing board. It is only where the assessment is wholly void, or void with respect to separable portions of the property, the amount collected on which is ascertainable, or where the assessment has been set aside as invalid, that an action at law will lie for the taxes paid, or for a portion thereof. *Stanley v. Board of Supervisors,* 121 U. S. 535, 7 S. Ct. 1234, 30 L. Ed. 1000.

In the case of *In Re Blatt,* 41 N. M. 269, 67 P. (2d) 293, 110 A. L. R. 656, it appears that the petitioners had, pursuant to statute, paid their taxes under protest and within sixty days thereafter brought a suit to recover same,

alleging that their property had been "erroneously and illegally assessed." The State appealed from an order directing a refund of the taxes in question. In reversing the lower court, it was said: "When the assessor fixes the value upon property and the taxpayer fails to appeal first to the county board of equalization and then to the State Tax Commission, such value as placed on the property by the assessor becomes final, and the court cannot set up its own judgment of the value of the property in lieu thereof."

The phrase "erroneously or illegally charged", as used in statutes providing for a refund of taxes so exacted, is held to refer to a jurisdictional defect as distinguished from a mere error of judgment, and it is generally held that no recovery of taxes paid under protest can be had under such statutes on the theory that there has been a mistake in the valuation of the property, which resulted in an excessive assessment. 110 A. L. R. 670. There is cited in support of the foregoing text the case of *Clay County v. Brown Lumber Co.,* 90 Ark. 413, 119 S. W. 251, in which the court distinguished between an excessive assessment and an erroneous assessment, and said:

"The term 'erroneous assessment,' as there used (in the statute refers to an assessment that deviates from the law and is therefore invalid, and is a defect that is jurisdictional in its nature, and does not refer to the judgment of the assessing officer in fixing the amount of the valuation of the property. If the property paid on was exempt from taxation, or if the property was not located in the county, or if the tax was invalid, or if there was any clear excess of power granted, so as to make the assessment beyond the jurisdiction of the assessing officer or board, then the provisions of (the statute) give the owner a remedy for a refund of such taxes thus erroneously paid; but a remedy is not given by this section to the party aggrieved by reason only of an excessive assessment or overvaluation of his property."

Under statute relating to refunding of taxes which have been "erroneously or illegally exacted or paid", the quoted

words refer to an assessment illegal because of a jurisdictional defect and do not include a mere error of judgment in valuing the property. *Home Owners Loan Corporation, etc. v. Polk County,* 231 Iowa 661, 1 N. W. (2d) 742.

As a general rule, unless such authority is conferred by statute, courts have no jurisdiction to supervise or correct assessments of property for taxation duly made by the proper officers in any collateral or direct proceeding, where such officers have not clearly transgressed the limits of their authority. Even where the jurisdiction to review assessments is conferred by statute, the courts may not entertain it in the first instance where an administrative remedy is provided, and a taxpayer seeking judicial relief has the duty of exhausting the administrative remedy before the appellate boards established by law. 84 C. J. S. Taxation § 561, page 1104. We quote the following from the same authority at page 1110:

"In proceeding to review an assessment valuation, the courts, it has been held, cannot fix the value of the property, but can only determine whether a valuation by the assessor was arbitrarily or unreasonably made, that is, judicial inquiry into a valuation arrived at by the assessor is restricted to a determination by the court as to whether the assessor performed the duties imposed on him by law. Accordingly, in the event of a void assessment, the court cannot revalue and reassess property on findings made by the jury and award judgment for taxes on the basis of such revaluation and reassessment; * * *."

It is provided in Section 65-2661 of the Code that when any county levies or charges any tax whatsoever against any person, the person against whom said taxes are charged or assessed, may, if he conceives such taxes to be "unjust or illegal for any cause" pay such taxes under protest; and Section 65-2662 provides for a recovery of such taxes so paid if suit is brought within thirty days after such payment and if it be determined in such action that such

taxes were "wrongfully or illegally collected for any reason going to the merits."

As is aforestated, the respondents contend that the taxes assessed and collected by the appellant were unjust or illegal and were wrongfully and illegally collected because an excessive and erroneous appraisal of the property was made by the tax assessor for the taxing district.

Generally speaking, the usual rules of statutory construction apply to the interpretation of statutes relating to taxation. A tax statute should be construed with a view to ascertaining and giving effect to the intent of the Legislature. Tax statutes cannot be extended by implication beyond the clear import of the language used. *Adams v. Burts,* 245 S. C. 339, 140 S. E. (2d) 586.

We find nothing in the provisions of Sections 65-2661 and 65-2662 of the Code to warrant us in concluding that the General Assembly intended to give to the courts the power to fix the valuation of property for taxation. The court cannot substitute its judgment, or that of a jury, for the judgment of the tax assessor duly appointed for the purpose of making an appraisal and valuation of property for tax purposes. A remedy is not given by the aforesaid sections to an aggrieved taxpayer by reason only of an excessive assessment or overvaluation of his property. If we should hold that the cited sections of the Code were applicable to the factual situation here revealed, such a procedure would render the whole basis of taxation most unstable and set at naught the orderly procedure by which any taxpayer, who may feel aggrieved by the valuation placed upon his property by the tax assessor, may have such reviewed by the Richland County Board of Assessment Appeals and, thereafter, by the South Carolina Tax Commission. The respondents here had available to them an adequate administrative remedy to determine the question of fact as to whether there had been an overvaluation of their property for the purpose of the taxation thereof. Having failed to follow the adminis-

trative remedy created by the statute for the correction of errors in the valuation of their property, they are precluded from resorting to the courts for relief.

The judgment of the lower court is reversed and this case remanded thereto for entry of judgment in favor of the appellant.

Reversed and remanded.

LEWIS, BUSSEY and BRAILSFORD, JJ., and LEGGE, Acting J., concur.