0149

GREENVILLE BAPTIST ASSOCIATION, Appellant, v. GREENVILLE COUNTY TREASURER, Mrs. Virginia T. Whitmire, Greenville County Auditor, Mary Jane McCarter, Greenville County Tax Collector, George F. Miller, South Carolina Tax Commission, Robert C. Wasson, Chairman, South Carolina Tax Commission, Charles N. Plowden, Commissioner, South Carolina Tax Commission, and John H. Lafitte, Jr., Commissioner, South Carolina Tax Commission, Respondents.

(315 S. E. (2d) 163)

Court of Appeals

*Duke K. McCall, Jr., Richard L. Few, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr.* and *Asst. Atty. Gen. Ronald W. Urban,* Columbia, *Joseph H. Earle, Jr., Deborah C. Westbrook,* Greenville, *for respondents.*

Heard Feb. 27, 1984.

Decided April 13, 1984.

CURETON, Judge:

The appellant, Greenville Baptist Association, instituted this action to recover ad valorem taxes paid under protest and to have the property upon which the tax was levied declared

tax-exempt. The respondents demurred to the complaint on the ground the court lacked jurisdiction because the appellant failed to exhaust administrative remedies by appealing to the Tax Board of Review, and sought to circumvent the statutory remedy afforded an aggrieved taxpayer by requesting declaratory relief. The trial court granted the respondents' demurrer on the ground asserted. We reverse and remand.

The appellant claims an exemption for two tracts of land pursuant to Article X, Section 3 of the South Carolina Constitution which exempts the property of religious institutions. The South Carolina Tax Commission determined, however, that the property in issue was not exempt since it found the property was not "actually occupied" within the meaning of the Constitution and S. C. Code Ann. Section 12-37-220 A(3).

The appellant paid the taxes under protest and filed this action in the circuit court.

The precise issue presented by this appeal is whether ■ S. C. Code Ann. Section 12-3-145(D) (Supp. 1983) requires a taxpayer aggrieved by the decision of the South Carolina Tax Commission regarding exempt status to appeal to the Tax Board of Review prior to initiating an action under Section 12-47-220 to recover taxes paid under protest. We hold that appeal to the Tax Board of Review is not required.

The respondents' demurrer asserted, and they contend on appeal, that the appellant was required to appeal the unfavorable decision of the Tax Commission to the Tax Board of Review because exhaustion of administrative remedies is mandated by Section 12-3-145(D), judicial policy, and case law interpreting Section 12-47-220. The appellant argues, however, that Section 12-3-145(D) permits the taxpayer to elect remedies, one of which is to pursue an action under Sections 12-47-210 and 12-47-220.

In 1978, the General Assembly enacted Code Section 12-3-145 which in relevant part, states:

A. It shall be the duty of the Commission to determine if any real or personal property qualifies for exemption from local taxes under 12-37-220 in accordance with the Constitution and general laws of the State. . . .

D. *In addition to any right of appeal otherwise provided*

*by law*, any taxpayer may appeal from the decision of the Commission to the Tax Board of Review for an interpretation of the Constitution or state laws regarding his exemption status upon payment of his taxes under protest. (emphasis added).

Section 12-3-145(D) clearly states that appeal to the Board of Review is "[i]n addition to any right of appeal otherwise provided by law." Although the respondents assert that this language should be construed to mandate a further administrative review prior to proceeding in the courts, tax statutes cannot be extended by implication beyond the clear import of the language used. *Adams v. Burts*, 245 S. C. 339, 140 S. E. (2d) 586 (1965). The usual rules of statutory construction apply to the interpretation of tax statutes. *Meredith v. Elliott*, 247 S. C. 335, 346, 147 S. E. (2d) 244, 249 (1966). Such statutes should be construed with a view to ascertaining and giving effect to the intent of the Legislature. *Id.* at 246. The clear import of the language of Section 12-3-145(D) is that appeal to the Tax Board of Review is· an additional remedy rather than a mandatory step in the appeal process.

The respondents persuasively argue that sound judicial policy favors a preliminary sifting process, particularly with respect to matters peculiarly within the competence of the administrative agency. They point out that the requirement of exhaustion of administrative remedies serves to prevent attempts to swamp the courts by resorting to them in the first instance. We are cognizant of the ramifications of holding that Section 12-3-145(D) does not require resort to the Tax Board of Review. We are constrained to hold, however, that the judicial policy of exhaustion of administrative remedies must give way in face of legislative intent to the contrary as revealed in the clear language of the statute.

The secondary issue is whether there exists a "right of appeal otherwise provided by law." The appellant contends that immediate appeal to the courts is proper under Sections 12-47-210 and 12-47-220. Section 12-47-210 provides that "[w]hen the State or any county charges or levies any tax whatsoever against any person . . . , the person . . . may, if he conceives such taxes to be unjust or illegal for

any cause, pay such taxes, . . . , under protest. . . ." Section 12-47-220 provides:

> Any person paying any taxes under protest may at any-time within thirty days after making such payment, but not afterwards, bring an action against the county treasurer or the Commission, as the case may be, for the recovery thereof, . . . in the court of common pleas . . . , and, if it be determined in such action that such taxes . . . were wrongfully or illegally collected for any reason going to the merits, the court . . . shall certify of record that such taxes . . . ought to be refunded and thereupon the [taxing authority] shall refund the taxes. . . .

The respondents assert Section 12-47-220, as interpreted by the appellant courts of the State, also requires the exhaustion of administrative remedies. They cite in particular *Columbia Developers, Inc. v. Elliott,* 269 S. C. 486, 238 S. E. (2d) 169 (1977).

Our own review revealed several cases, including *Columbia Developers,* which hold that the requirement of exhaustion of administrative remedies is applicable to Section 12-47-220 (1962 Code, Section 65-2662). In each of these cases, the Court supports its holding by reference to *Meredith v. Elliott, supra.* Although the language in some instances is unrestricted, a close analysis of *Meredith* and succeeding cases reveals that the holding that administrative remedies must be exhausted under Section 12-47-220 is restricted to cases involving an overvaluation of property for purposes of taxation. *Meredith v. Elliott, supra; Columbia Developers, Inc. v. Elliott, supra; Newberry Mills, Inc. v. Dawkins,* 259 S. C. 7, 190 S. E. (2d) 503 (1972); *Owen Steel Company v. South Carolina Tax Commission,* 313 S. E. (2d) 636 (S. C. App., 1984).

We are convinced by the legal principles enunciated in *Meredith,* the language of Section 12-47-220 and the apparent appeals practice with respect to exemption prior to the enactment of Section 12-3-145(D) that the appellant was not required to exhaust all available administrative remedies.

In *Meredith,* the taxpayer paid taxes under protest and instituted suit under statute, presently codified as Section 12-47-220, to recover the taxes. The taxpayer alleged that the assessor's appraisal was exessive and erroneous. The Su-

preme Court held that the taxpayer was required to exhaust the remedy of appeal to the South Carolina Tax Commission. In reaching its decision, the Court stated:

> A party who feels himself aggrieved by overvaluation . . . and who does not resort to the tribunal created by the State for the correction of errors in assessment cannot maintain an action at law. . . . It is only where the assessment is wholly void . . . that an action at law will lie for the taxes paid. . . .

247 S. C. at 343, 147 S. E. (2d) 244. The Court further approved the principle that an assessment is wholly void if a jurisdictional defect, such as the taxation of exempt property, exists. *Id.* at 344, 147 S. E. (2d) 244.

The South Carolina Constitution, Article X, Section 3 declares certain property exempt from ad valorem taxation. The South Carolina Tax Commission and local taxing authorities have no jurisdiction, therefore, to tax such property. As to an aggrieved taxpayer alleging the taxation of exempt property, according to *Meredith,* an action at law under Section 12-47-220 will lie immediately.

Additionally, the appeals practice with respect to exemption prior to the enactment of Section 12-3-145(D) indicates that taxpayers aggrieved by the denial of exempt status with respect to property were not required to exhaust administrative remedies prior to suing under Section 12-47-220. *See, e.g., Epworth Orphanage v. Wilson,* 185 S. C. 243, 193 S. E. 644 (1937); *Bowaters Carolina Corporation v. Smith* 257 S. C. 563, 186 S. E. (2d) 761 (1972); *see also, The Citadel Development Foundation v. County of Greenville,* 308 S. E. (2d) 797 (S. C. App. 1983).

We have reviewed the remaining exceptions and arguments of the parties. The appellant's action is brought pursuant to Sections 12-47-210 and 12-47-220 which statutes necessarily require the trial court to declare, with respect to the taxable year in issue, whether the appellant's property was tax-exempt. The allegation that the action is brought under Section 15-53-10, et seq., is superfluous. Since the case is remanded for trial, we need not further address the exceptions raised. For the reasons given, we hold that appeal to the Tax Board of Review is not required by Section

12-3-145(D). We further hold that the remedy provided by Sections 12-47-210 and 12-47-220 is available without prior resort to the Tax Board of Review to a taxpayer aggrieved by a determination of exemption by the South Carolina Tax Commission. Accordingly, the judgment entered by the trial court is reversed and the case is remanded for trial.

Reversed and Remanded.

GARDNER and BELL, JJ., concur.