22098

EASTERN FEDERAL CORPORATION, Respondent, v. Robert C. WASSON, Chairman of the South Carolina State Tax Commission, Charles N. Plowden, Commissioner, and John H. Lafitte, Jr., Commissioner, Appellants.

(316 S. E. (2d) 373)

Supreme Court

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. Joe L. Allen, Jr.* and *Asst. Atty. Gen. Ray N. Stevens,* Columbia, *for appellants.*

*Peter L. Murphy,* of *McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble, P.A.,* Columbia, *for respondent.*

Heard March 6, 1984.

Decided May 9, 1984.

LEWIS, Chief Justice:

This appeal involves the constitutionality of Section 12-21-2710, South Carolina Code, 1976, which provides:

> There shall be a license tax of twenty percent on admissions to view all movies rated "X" by the Motion Picture Association of America or its successor and on all movies which are not rated by the Motion Picture Association of America of its successor.

Plaintiff (respondent) instituted this action seeking to have Section 12-21-2710 declared unconstitutional and also a permanent injunction against its enforcement. The trial judge held the statute unconstitutional as an illegal delegation of legislative power, a denial of due process, and a denial of equal protection; from which this appeal is prosecuted.

We have concluded that the statute in question constitutes an unconstitutional delegation of legislative power in violation of Article III, Section 1, of the South Carolina Constitution, and affirm the judgment on that ground. In view of this decision, it is unnecessary to consider the other constitutional attacks upon the statute.

The statute in question imposes a tax of twenty percent (20%) on all admissions to view movies either rated "X" or not rated by the Motion Picture Association of America (MPAA). The MPAA is a private, voluntary organization of the major film producers in the United States, and employs a board to review films voluntary submitted to it for ratings.

The statute imposes no guidelines for rating of films, but leaves the determination solely to the discretion of the MPAA. The MPAA determines which pictures shall be rated "X". It therefore, of necessity, determines which films will be taxed at twenty percent. This is clear delegation of legislative power. *State v. Watkins*, 259 S. C. 185, 191 S. E. (2d) 135.

In Watkins, the Court found an unconstitutional delegation of legislative power in the statutory exemption from prosecution granted to displayers of MPAA approved films. The Court there held: "Exclusion from prosecution cannot be made dependent upon the whim or will of [the MPAA]." Just as exclusion from prosecution could not be made dependent, in Watkins, upon the sole discretion of MPAA, so the determination in this case of which films will be subject to the application of the twenty percent tax cannot be constitutionally left to the sole determination of the MPAA.

Judgement is accordingly affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.