22719

MULTI-CINEMA, LTD., Respondent v. SOUTH CAROLINA TAX COMMISSION, Appellant.

(357 S. E. (2d) 6)

Supreme Court

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Joe L. Allen Jr., and Deputy Atty. Gen. Ray N. Stevens,* Columbia, *for appellant.*

*David B. Betts,* Columbia, *for respondent.*

Heard Nov. 20, 1986.

Decided May 11, 1987.

NESS, Chief Justice:

South Carolina Tax Commission appeals an order of the Circuit Court which required it to issue a tax refund to respondent Multi-Cinema, Ltd. We affirm.

Multi-Cinema owns and operates movie theaters throughout the State. Pursuant to S. C. Code Ann. Section 12-21-2710 (1977), Multi-Cinema paid a tax of twenty (20) percent on admissions when showing motion pictures rated "X" or not rated by the Motion Picture Association of America. In 1984, this Court declared the tax imposed by Section 12-21-2710 unconstitutional. *Eastern Federal Corporation v. Wasson,* 281 S. C. 450, 316 S. E. (2d) 373 (1984). Multi-Cinema's application for a refund of the twenty percent tax was denied. Upon petition to the circuit court, the trial judge ordered the Commission to issue the refund.

The Commission asserts Multi-Cinema has no standing to seek a refund because the tax was paid by the patron, not by the movie theater. Only the taxpayer may petition for a refund of a tax improperly collected. S. C. Code Ann. Section 12-47-440 (1977). A person who has no financial interest in the tax alleged to have been erroneously collected has no legal standing to sue for its refund. *Edisto Fleets, Inc. v. South Carolina Tax Commission,* 256 S. C. 350, 182 S. E. (2d) 713 (1971). The parties have stipulated that if Multi-Cinema is the taxpayer under Section 12-21-2710, the

refund sought is properly due; if the patron is the taxpayer, the refund sought is properly denied.

Section 12-21-1710 reads as follows:
There shall be a license tax of twenty percent on admission to view all movies rated "X" by the Motion Picture Association of America or its successor and on all movies which are not rated by the Motion Picture Association of America or its successor.

A court's primary function in interpreting a statute is to ascertain the intent of the legislature. *South Carolina Department of Highways & Public Transportation v. Dickinson*, 288 S. C. 189, 341 S. E. (2d) 134 (1986). The usual rules of statutory construction apply to the interpretation of tax statutes. *Greenville Baptist Association v. Greenville County Treasurer*, 281 S. C. 325, 315 S. E. (2d) 163 (Ct. App. 1984). The language of a statute must be read in a sense which harmonizes with its subject matter and accords with its general purpose. *Windham v. Pace*, 192 S. C. 271, 6 S. E. (2d) 270 (1939).

The legislature has expressly provided for a tax on admissions to motion picture theaters. S. C. Code Section 12-21-2420 (1977). That section specifically states that the tax shall be paid by the person or persons paying the admissions price. Section 12-21-2710 contains no similar language.

Unless otherwise expressly provided, payment of the taxes imposed by Chapter 21 of the Code constitutes a "condition precedent to engaging in any business or doing any act taxable under this chapter." S. C. Code Ann. Section 12-21-150 (1977). The trial judge held that, since Section 12-21-2710 did not contain a specific provision requiring payment by the patron, the license tax was paid by the theater owner. We agree.

In construing a statute, the Court may consider other statutes relating to the same subject matter. *Fidelity and Casualty Ins. Co. of New York v. Nationwide Ins. Co.*, 278 S. C. 332, 295 S. E. (2d) 783 (1982). The General Assembly has provided that taxes imposed by Chapter 21 are to be paid by the business establishment unless otherwise provided. Section 12-21-150. The statute requiring general ad-

missions tax expressly provides otherwise. Section 12-21-2420. The statute imposing the additional tax for non-rated or X-rated movies, Section 12-21-2710, does not. We therefore conclude the General Assembly intended the theater to be the taxpayer of the tax imposed by Section 12-21-2710.

The ruling of the trial judge is

Affirmed.

HARWELL and FINNEY, JJ., concur.

GREGORY, J., dissents in separate opinion.

CHANDLER J., not participating.

GREGORY, Justice, dissenting:

I strongly disagree with the majority's view of the legislative intent regarding who the taxpayer is under S. C. Code Ann. § 12-21-2710 (1976).

General and specific statutes should be read together and harmonized if possible. *Criterion Insurance Co. v. Hoffmann,* 258 S. C. 282, 188 S. E. (2d) 459 (1972). S. C. Code Ann. § 12-21-2420 (1976) imposes a general "license tax" on admissions to all places of amusement with specified exceptions for certain activities. It further provides that the tax is paid by the person paying the admission price. *See Furman University v. Livingston,* 244 S. C. 200, 136 S. E. (2d) 254 (1964). Section 12-21-2710 merely created an exception to the rate of taxation specified in § 12-21-2420 and did not conflict with any of the general provisions of that statute. It should not be construed as creating a different taxpayer status merely because it did not reiterate the general provisions of § 12-21-2420.

Moreover, the majority's analysis lacks legal support. Section 12-21-150 does not stand for the proposition stated by the majority that the business establishment is the taxpayer unless otherwise provided. The majority insists upon a strained statutory construction to hold the legislature intended that "X" -rated cinemas be entitled to a refund of an admissions tax when other moviehouses would never be entitled to such a refund under the general admissions tax statute. It is inexpiable to give preferential treatment to

"X" -rated cinemas on the contrived basis of legislative intent. In my view, the majority's construction creating a windfall for the pornographic movie industry perverts clearly expressed legislative intent. I would reverse.