22944

MULTI-CINEMA, LTD., Appellant v. SOUTH CAROLINA TAX
COMMISSION, Respondent.
(389 S. E. (2d) 153)

Supreme Court

*David B. Betts*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Joe L. Allen, Jr.*, and *Deputy Atty. Gen. Ray N. Stevens*, Columbia, *for respondent.*

Heard Dec. 8, 1988.

Decided Sept. 11, 1989.

AMENDED OPINION ON DENIAL OF REHEARING

TOAL, Justice:

This case is before the Court on a Petition for Rehearing. Because the issue presented on rehearing was not raised below or by exception, the Petition must be denied. Opinion number 22944, filed January 23, 1989, is withdrawn and the following Opinion is substituted as the Opinion of this Court.

Multi-Cinema was awarded a refund for overpaid license taxes on August 22, 1985. This court affirmed the award in *Multi-Cinema Ltd. v. S. C. Tax Commission*, 292 S. C. 411, 357 S. E. (2d) 6 (1987). Multi-Cinema now disputes the amount of

interest due on the judgment and whether the State should be required to pay $750.00 in attorney's fees as provided by Supreme Court Rule 38, section 4. The Honorable Walter J. Bristow, Jr., denied Multi-Cinema's requests for postjudgment interest of fourteen percent and $750.00 in attorney's fees. We affirm the lower court's ruling on postjudgment interest, and reverse the lower court's decision on attorney's fees.

## I. POSTJUDGMENT INTEREST ON
## LICENSE TAX REFUND

Multi-Cinema argues that after a court has ordered a refund of license taxes, postjudgment interest should be awarded pursuant to S. C. Code Ann. § 34-31-20(B) (Law Co-op 1976). Section 34-31-20(B) provides as follows:

> (B) All money decrees and judgments of courts enrolled or entered shall draw interest according to law. The legal interest shall be at the rate of 14 percent per annum.

On the other hand, the State contends that S. C. Code Ann. § 12-47-60 (Law Co-op 1976) limits the amount of postjudgment interest recoverable to six percent. Section 12-47-60 provides:

> With respect to taxes and license fees administered by the South Carolina Tax Commission, whenever any amount of taxes, license fees, penalties and interest are recovered by successful litigation in the courts of this state, such amounts recovered shall bear interest at the rate of one half of one percent per month from the date such taxes, license fees, penalties and interest were paid to the date the order for refund or credit was issued, and such interest shall be paid in the same manner and receive the same preference as the amounts recovered.

We have not previously addressed the issue of whether the fourteen percent postjudgment interest which is recoverable pursuant to Section 34-31-20(B) applies to tax refunds.

The lower court relied on *Hercules Inc. v. S. C. Tax Commission,* 279 S. C. 177, 304 S. E. (2d) 815 (1983) to support its holding that postjudgment interest in a tax refund case is

limited to six percent. In *Hercules*, the issue of postjudgment interest was not squarely before this Court. Rather, we decided whether interest of 8¾% should be applied as prejudgment interest. We held that prejudgment interest accrued pursuant to the tax statute at six percent on tax refunds. Therefore, *Hercules* is distinguishable from the present case.

We may affirm the lower court judgment on any ground that appears in the record. *Hossenlopp by and through Hossenlopp v. Cannon*, 285 S. C. 367, 329 S. E. (2d) 438 (1985). We find that the legislature deliberately set a separate interest statute for tax refunds, thus limiting postjudgment interest to six percent interest. Therefore, we hold Multi-Cinema may only recover six percent postjudgment interest pursuant to Section 12-47-60.

## II. ATTORNEY'S FEES

Multi-Cinema contends that they should be awarded $750 in attorney's fees as costs pursuant to Supreme Court Rule 38, section 4.

Supreme Court Rule 38, section 4 provides, in pertinent part, that an attorney's fee of $750 shall be awarded to the prevailing party in the lower court as costs on appeal "in favor of the party entitled to costs under this rule." Section 1 of Rule 38 defines who is entitled to costs: "Except as otherwise provided by law ... if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered." Because we can find no statutory provision which would bar the award of attorney's fees to Multi-Cinema, we reverse the lower court's denial of attorney's fees, and award Multi-Cinema $750.00 in attorney's fees.

## III. PETITION FOR REHEARING

In its Petition for Rehearing, Multi-Cinema argued, for the first time, that S. C. Code Ann. § 12-54-30 (Supp. 1988) controls the appropriate amount of postjudgment interest due on tax refunds. Under this section, a taxpayer would receive fourteen (14%) percent interest on a refund where "the commission discovers on examination of a return or otherwise that the tax ... paid is in excess of the amount legally due. ..." Multi-Cinema contends that this section

repealed § 12-47-60. This issue was not presented for consideration by the trial court nor raised by any exception or argued on appeal; and, therefore, may not be considered to support a reversal of this case. *Hoffman v. Powell*, 298 S. C. 338, 380 S. E. (2d) 821 (1989); *Blakeley v. Rabon*, 266 S. C. 68, 221 S. E. (2d) 767 (1976). The denial for rehearing does not in any manner indicate a resolution of the merits of this issue.

Affirmed in part; reversed in part; petition for rehearing denied.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.