**Robert Daniel WRIGHT, Sr., Personal Representative of the Estate of Dorothy Ann Jones Wright, deceased, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 1:89–1853–8.**

United States District Court,
D. South Carolina,
Aiken Division.

Oct. 10, 1990.

---

Ronald A. Maxwell, Aiken, S.C., for plaintiff.

John S. Wilkerson, III, Florence, S.C., for defendant.

## ORDER

BLATT, Senior District Judge.

This matter is before the court on Defendant's Motion for Summary Judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant moves for summary judgment on the ground that plaintiff has no standing to seek a declaratory judgment against defendant.

Plaintiff brought this declaratory judgment action as a result of an automobile collision which occurred in Aiken County, South Carolina, between a vehicle driven by plaintiff and a vehicle driven by Suzanne Janet Rhodes. In that collision, Plaintiff's decedent, a passenger in his truck, was killed, and Plaintiff and several minors passengers were injured. The vehicle driven by plaintiff was owned by plaintiff's employer, Ingram,[1] and insured by defendant, Allstate Insurance Company.[2] It is undisputed that the liability insurance of Rhodes, the at-fault driver, is insufficient to fully compensate all the injured parties.

The Allstate policy, covering plaintiff as a permissive user, provided liability coverage, but did not provide underinsured motorist coverage. Plaintiff alleges that defendant, Allstate, failed to properly offer this optional coverage to Ingram as required by South Carolina law.[3] Based on this allegation, plaintiff seeks a declaratory judgment to determine if underinsured mo-

---

1. Ingram was named as a defendant in plaintiff's original complaint. By joint stipulation, the parties agreed to dismiss Ingram without prejudice.

2. There is some discrepancy as to whether plaintiff was using his employer's vehicle with the employer's permission. However, for the purpose of a summary judgment motion, any doubt must be resolved in favor of the party opposing the motion.

3. *S.C.Code Ann.* § 38–77–160 (Law Co-op.1976). The cited statute requires that an insurance carrier offer to provide underinsured motorist coverage up to the limits of the liability coverage contained in the policy to the insured. The right of election to purchase such underinsured motorist coverage remains with the named insured.

torist coverage should be imposed on the policy as a matter of law and made available for damages sustained in excess of the liability coverage of the at-fault driver.

In its Motion for Summary Judgment, Allstate asserts that plaintiff has no standing to raise the issue of the alleged ineffective offer of underinsured motorist coverage because plaintiff was neither a party, nor a privy, to the insurance contract between Ingram and Allstate. Allstate contends that the South Carolina statute imposes a duty on the insurer to make an effective offer of the optional coverage to Ingram, the policyholder, not plaintiff, who is only an incidental beneficiary of the contract. Based on this factual situation, Allstate urges that it owed no duty to plaintiff, and that plaintiff has no standing to question the effectiveness of its offer to Ingram.

■ Plaintiff responds to Allstate's argument regarding the duty to offer coverage to plaintiff as an "insured", by citing the language of the relevant code section which states *inter alia:*

Shall also offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the bodily limits carried by an at-fault insured of underinsured motorist.

*S.C.Code Ann.* § 38–77–160 (Law.Co-op. 1976).

Plaintiff argues that elsewhere in the Code the legislature used the terms "named insured" and "policy holder"; therefore, use of the term "insured" in § 38–77–160, quoted above, was purposeful to include all those who met the statutory definition of insured, as does plaintiff.

The South Carolina Code definition of "insured" includes two classes of insureds. S.C.Code Ann. § 38–77–30(6) (Law.Co-op. 1976). First, there is the named insured, his spouse and relatives residing in his household who are covered at all times

under an automobile insurance policy. Second, there are permissive users and guests who are covered insureds while using or riding in the covered motor vehicle. Plaintiff is a member of the second class of "insureds".

■ Despite use of the blanket term "insured" in § 38–77–160, it would be nonsensical, and create an impossible task, for the legislature to require an insurer to make a meaningful offer of optional coverage to every person who may, after the policy is written, become a permissive user or guest in the policyholder's automobile. The court must reject an interpretation of a statute which leads to an absurd result not possibly intended by the legislature. *Hamm v. South Carolina Public Service Com.,* 287 S.C. 180, 336 S.E.2d 470 (1985). Further, in *Garris v. Cincinnati Ins. Co.,* the South Carolina Supreme Court stated that "[section 38–77–160] [4] requires insurance carriers to offer underinsured motorist coverage to its *policyholders* ..." *Garris v. Cincinnati Ins. Co.,* 280 S.C. 149, 311 S.E.2d 723, at 726 (emphasis added) (1984). Therefore, plaintiff's argument that the statute obligates the insurer to offer underinsured motorist coverage to him, an insured only for the purpose of coverage under the policy, must be rejected.

■ However, the immediate issue before this court is whether plaintiff has standing to sue defendant, not whether defendant had a duty to make a meaningful offer of the optional coverage to plaintiff. To have standing, a party must have a personal interest in the subject matter of the lawsuit. *Duke Power Co. v. South Carolina Public Service Com.,* 284 S.C. 81, 326 S.E.2d 395, 404 (1985); *see also, Furman Univ. v. Livingston,* 244 S.C. 200, 136 S.E.2d 254 (1964).

It is clear from the relevant statute that the South Carolina General Assembly intended to require insurance carriers to offer underinsured motorist coverage when issuing policies to South Carolina residents. It is also clear that such coverage, if selected, is designed to inure to the benefit of

---

**4.** The quoted passage actually refers to former § 56–9–831 of the South Carolina Code of Laws.

Section 56–9–831 was changed to § 38–77–160 by 1987 Act No. 155.

those, like plaintiff, whose claims for injury exceed the liability limits of insured at-fault motorists.

If defendant failed to make an effective offer of the optional underinsured motorist coverage to its policyholder, Ingram, and if thereby such coverage is imposed as a matter of law, plaintiff would be a beneficiary of defendant's failure to comply with the statutory requirement of § 38–77–160. If plaintiff is unable to prove the necessary factual requirements, he will bear any loss over and above the liability coverage of Rhodes' policy.[5] Therefore, plaintiff has a personal interest in the subject matter of the lawsuit and has standing to pursue his action against defendant. *See, Fireman's Ins. Co. v. Cincinnati Insurance Co.,* 394 S.E.2d 855 (S.C.Ct.App.1990) (plaintiff insurance company had standing to seek declaratory judgment that defendant insurance company failed to make an effective offer of underinsured motorist coverage to its policyholder, despite evidence offered by defendant and its policyholder that an effective offer had been made and rejected.)

Accordingly, defendant's motion for summary judgment is hereby denied.

IT IS SO ORDERED.

---

**5.** For a similar fact situation, *see, Adams v. State Farm Mutual Automobile Ins. Co.,* No. 89– 2408, *per curiam,* (4th Cir. July 12, 1990), (unpublished).