

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

August 27, 1992

Honorable Tim Curry
Criminal District Attorney
Tarrant County
401 W. Belknap
Fort Worth, Texas 76196-0201

Opinion No. DM-159

Re: Constitutionality of section 756.042, Health and Safety Code, which requires outdoor shooting ranges to be constructed according to standards set by the National Rifle Association (RQ-385)

Dear Mr. Curry:

You have requested our opinion regarding the constitutionality of section 756.042 of the Health and Safety Code. That statute provides:

> The owner of an outdoor shooting range shall construct and maintain the range according to standards that are at least as stringent as the standards printed in the National Rifle Association range manual.

As you indicate, this statute does not specify a particular edition of the range manual. You suggest that, as a result, section 756.042 is an unconstitutional delegation of legislative authority.

In *Dudding v. Automatic Gas Co.*, 193 S.W.2d 517 (Tex. 1946), the court considered a 1939 statute which required that containers for the storage of liquefied petroleum gas conform to standards "as recommended by the National Fire Protection Association, effective July, 1937, a copy of said regulations known as the National Board of Fire Underwriters Pamphlet No. 58 being on file with the Gas Utilities Division of the Railroad Commission of Texas." *Id.* at 519. The court distinguished the statute before it from the one held invalid in *State v. Crawford*, 177 P. 360 (Kan. 1919). In the *Crawford* case, the statute under attack adopted "present as well as prospective rules of an unofficial association as a standard of conduct, departure from which would have been a crime." The Texas Supreme Court

observed that such delegation of legislative powers to a private association would contravene article III, section 1 of the Texas Constitution. The Texas court then declared:

> We do not have before us a situation where future rules of an unofficial agency have been prospectively adopted by the legislature.

*Id.* at 520.

With regard to section 756.042, however, we do in fact "have before us a situation where future rules of an unofficial agency have been prospectively adopted by the legislature." Since the ambit of the statute is not limited to a particular edition of the range manual, it fails to meet the standard adopted in *Dudding*.

This view is confirmed by more recent cases from other jurisdictions. In *Eastern Fed. Corp. v. Wasson*, 316 S.E.2d 373 (S.C. 1984), for example, the court held that a statute which imposed a 20 percent tax on admissions only to those motion pictures rated "X" by the Motion Picture Association of America, or not rated at all, constituted an unlawful delegation of legislative authority to a private association." *Id.* at 374. Likewise, in *News Printing Co. v. Borough of Totowa*, 511 A.2d 139 (N.J. Super. Ct. Law Div. 1986), the court said that an ordinance which banned newsracks within 200 feet of any church unless the church waived the prohibition was unconstitutional in granting legislative power to a private entity. *Id.* at 162; *see also North Am. Safety Valve Indus., Inc. v. Wolgast*, 672 F. Supp. 488, 493-94 (D. Kan. 1987); *State v. Christie*, 766 P.2d 1198, 1205 (Haw. 1988 ) *cert. denied*, 490 U.S. 1067 (1989) *Bulova Watch Co., Inc. v. Brand Distribs. of N. Wilkesboro, Inc.*, 206 S.E.2d 141, 146 (N.C. 1974).

On the basis of the language in *Dudding*, 193 S.W.2d 517, and the unmistakable thrust of the law in other jurisdictions, we conclude that section 756.042, as currently written, is an invalid attempt to confer legislative authority on a private association, in clear contravention of article III, section 1 of the Texas Constitution.

## S U M M A R Y

Section 756.042, Health and Safety Code, which requires outdoor shooting ranges to be constructed according to

standards promulgated by the National Rifle Association, is an invalid attempt to confer legislative authority on a private entity in contravention of article III, section 1 of the Texas Constitution.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Deputy Chief, Opinion Committee