18547

The STATE BOARD OF MEDICAL EXAMINERS, Respondent, v. William S. GANDY, M.D., Appellant

(149 S. E. (2d) 644)

*Messrs. Wofford & Snyder,* of Greenville, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Joseph C. Coleman,* and *J. McNary Spigner, Assistant Attorneys General,* of Columbia, *for Respondent,*

Aug. 3, 1966.

LEWIS, Justice.

This is an appeal by William S. Gandy, M.D., from an order of the circuit court affirming the action of the State.

Board of Medical Examiners in revoking his license to practice medicine in this State because of alleged misconduct.

Dr. Gandy was first before the State Board of Medical Examiners on June 18, 1963, at which time his license to practice medicine was revoked, but the revocation was suspended for a probationary period of two years. His license to dispense narcotics was surrendered at that time, but he was otherwise permitted to continue the practice of medicine during the period of probation. The license to prescribe narcotics is still revoked.

The issues in this appeal arise from subsequent proceedings instituted by the Board for the complete revocation of his license to practice medicine. Upon charges that he committed additional acts of misconduct since his appearance before the Board on June 18, 1963, Dr. Gandy was noticed on May 25, 1965, to show cause before the Board on June 8, 1965 why the previous suspension of his license should not be vacated and his license revoked. In response to a request, the Board furnished to counsel for Dr. Gandy a list of the additional charges of misconduct. These were: "Improper use of narcotics, 1963; improper driving, 1964; public drunk, 1964; and receiving and possession of stolen goods, 1964."

As a result of the hearing on June 8th, the previous suspension of revocation of Dr. Gandy's license was vacated and his license revoked under the authority granted by Section 56-1368 of the 1962 Code of Laws. The action of the Board was affirmed on review by the circuit court and this appeal followed.

The exceptions challenge the action of the Board in several particulars. It is contended (1) that the Board improperly considered testimony as to the acts of misconduct which occurred prior to the original hearing on June 18, 1963 and which formed the basis of the original probationary action against Dr. Gandy, (2) that the Board improperly admitted into evidence and considered hearsay testimony,

(3) that the Board improperly considered testimony relating to the charge of receiving and possession of stolen goods although Dr. Gandy had been acquitted in criminal court of such charge, (4) that the action of the Board was based solely on uncorroborated hearsay testimony, and (5) that the evidence failed to establish the charge of public drunkenness and, if so, the one instance charged was insufficient to constitute a ground for revocation of the license under Section 56-1368, *supra*.

We find it impossible to properly review the issues raised in this appeal because of the failure of the Board to make specific findings of fact on the several charges made against Dr. Gandy.

While exactness of form and procedure is not required in the order of administrative agencies or boards, such specific and definite findings upon the evidence should be made as will enable the court on review to determine the questions of law involved and whether the general findings should stand, particularly when there are material facts at issue. *Long Motor Lines, Inc. v. South Carolina Public Service Commission*, 233 S. C. 67, 103 S. E. (2d) 762; *Atlantic Coast Line Railroad Co. v. South Carolina Public Service Commission*, 245 S. C. 229, 139 S. E. (2d) 911; *Drake v. Raybestos-Manhattan, Inc.*, 241 S. C. 116, 127 S. E. (2d) 288.

We have not adopted an inflexible rule with regard to the necessity for specific findings of fact by administrative boards. We have in some cases supplied the lack of express findings by implication from the general findings, *Cole v. State Highway Department*, 190 S. C. 142, 2 S. E. (2d) 490; and have refused to consider the question in the absence of an objection seasonably made, *Long Motor Lines. Inc. v. South Carolina Public Service Commission, supra*. In these cases the issues were such that this court found no difficulty in determining the basis of the general findings of the administrative agency and therefore

reviewed the decision in question. We have however adhered to the rule that specific findings are required and must be made in every instance when necessary to enable the court to perform its function of review. *Drake v. Raybestos-Manhattan, Inc., supra.*

Question concerning the inadequacy of the findings of fact by the Board is not raised by any exception in the case, but this is not conclusive. Where found necessary to a proper review, the case will be remanded on the court's own motion for specific findings of fact. *Drake v. Raybestos-Manhattan, Inc., supra.*

The record contains no written order of the Board. The only showing as to the action taken is the agreed statement that the license of Dr. Gandy was revoked.

The hearing on June 8, 1965, which resulted in the license revocation, was held for the purpose of considering four specific charges of misconduct. The proof consisted of both hearsay and direct testimony, differing on the several charges involved. Testimony was also introduced as to the charges upon which the probationary action was taken in 1963. Counsel for the Board conceded at the hearing that there was no proof as to one charge and indicated some doubt as to the proof of another. In the absence of written findings of fact upon the charges made and their inclusion in the record, we are unable to determine whether the Board found Dr. Gandy guilty of all charges, or guilty as to some and not guilty as to others. The presence of multiple charges and different issues as to each makes specific findings of fact necessary in order to enable the court to properly perform its function of review.

Judgment is accordingly reversed and the case remanded to the circuit court for the purpose of entering an appropriate order sending it back to the State Board of Medical Examiners for further proceedings in accordance with this opinion.

Reversed and remanded.

Moss, C. J., Bussey and Brailsford, JJ., and Lionel K. Legge, Acting J., concur.