19365

BOWATERS CAROLINA CORPORATION, Respondent, v. Cody W. SMITH, Treasurer of York County, South Carolina, and Lindsay C. Davidson, Auditor of York County, South Carolina, Appellants.
CATAWBA NEWSPRINT COMPANY, Respondent, v. Cody W. SMITH, Treasurer of York County, South Carolina, and Lindsay C. Davidson, Auditor of York County, South Carolina, Appellants.

(186 S. E. (2d) 761)

*Messrs. John M. Spratt,* of York, and *Robert McC. Figg, Jr.,* of *Robinson, McFadden, Moore & Pope,* Columbia, *for Defendant-Appellants,* cite:

566

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, and *Roddey, Sumwalt & Carpenter,* of Rock Hill, *for Plaintiffs-Respondents,* cite:

February 9, 1972.

LEWIS, Justice.

This appeal involves the right of plaintiffs-respondents, Bowaters Carolina Corporation and Catawba Newsprint

Company, to recover certain school taxes paid under protest to the appellant, County of York, South Carolina. Respondents claim exemption from the taxes in question under the provisions of Section 65-1572 of the 1962 Code of Laws, as amended by Act No. 2 of the 1967 Acts of the General Assembly, 55 Stat. 2.

Under the provisions of the foregoing statute, certain exemptions from taxes are allowed taxpayers in York County for major industrial expansions and new manufacturing plants. The amended statute contains five subsections and grants the designated tax exemptions to taxpayers upon the basis of a ratio between expenditure for new facilities and the number of new employees. Pertinent here, subsection (1) grants an exemption from the payment of "all county taxes, except taxes for school purposes." Subsection (2) exempts the taxpayer qualifying thereunder "from all county and township taxes." The remaining subsections (3, 4 and 5) each contain an exemption of the qualifying taxpayer "from all county and township taxes, except taxes for school purposes."

Respondents, admittedly, constructed major industrial expansions and manufacturing facilities in York County in 1968, which, in so far as the requirements for new facilities were concerned, entitled them to some tax exemptions under the foregoing statute. The new facilities were first subject to assessment for taxes in 1969. The exemptions claimed by respondents under the statute for the year 1969 were denied, in part, by the County. The taxes in issue for that year (Bowaters—$71,855.83 and Catawba—$255,194-.75) were then paid under protest and separate actions brought by respondents to recover the amounts so paid. The lower court held that respondents were entitled to the exemptions claimed; granted judgment for the amount paid under protest, plus interest; and issued a declaratory judgment that they were entitled to the tax exemption for years subsequent to 1969.

The County has appealed from the above judgment and challenges the granting by the lower court of (1) the tax exemption, (2) interest on the amount ordered to be refunded, and (3) the declaratory judgment as to respondents' tax status for years subsequent to 1969.

The first question to be decided is whether the lower court erred in holding that respondents were entitled to the tax exemption claimed. This question includes attacks upon the constitutionality of Act No. 2 of the 1967 Acts, *supra,* under which respondents claim the tax exemptions. Since we have concluded that, under a proper construction of the statute, respondents are not entitled to the exemptions at issue in this appeal, we refrain from deciding the constitutional questions. This is in accord with the established principle that constitutional attacks upon a statute will not be considered unless necessary for a disposition of the appeal.

The tax exemption denied by the County to respondent Catawba consisted of a levy of 60½ mills, of which 56½ mills constituted a levy in School District No. 3, in which the property is located, and 4 mills for County bond purposes. The exemption denied respondent Bowaters consisted of the same 60½ mill levy, plus an additional levy of 5½ mills. The County has appealed from only so much of the judgment of the lower court as holds that respondents are entitled to a refund of the School District taxes, thereby conceding their right to a refund of the taxes paid under the above additional levies.

Therefore, the question of tax exemption involved in this appeal concerns the right of respondents to a refund of the taxes paid pursuant to the levy by School District No. 3 for school purposes. Under the present facts, exemption from these *school district taxes* must be found, if at all, in the provisions of subsection (2) of the above statute which, as stated, grants an exemption from all *county and township taxes*. The decision turns upon whether the exemption, in this subsection from county and township taxes also exempts from school district taxes.

We find nothing to indicate a legislative intent to include school district taxes under the exemption limited to county and township taxes. On the contrary, we think the failure to specifically list school district taxes shows a clear intent to exclude such taxes from the exemption allowed.

The Constitution of this State recognizes counties, townships, and school districts as separate and distinct political subdivisions, and each may be authorized to levy taxes for educational purposes. Article 10, Sections 5 and 6, and Article 11, Section 6, of the South Carolina Constitution.

Legislative enactments show conclusively that, both prior and subsequent to the enactment of the legislation in question, countywide taxes have been levied in York County for school purposes, separate from and in addition to the taxes levied in School District No. 3. The 1969 Notice of County Tax Levies in York County included a County Wide School Tax of 20 mills and a Supplementary School Tax of 4 mills.

In each instance, the statutes show that the Legislature has designated the particular taxes involved by reference to the political subdivision in which they are levied. If the tax was levied countywide, it was designated a county tax; and if levied only in a school district, it was designated a school district tax. The terms "county taxes," "township taxes," and "school district taxes," therefore, clearly refer to the taxes levied by each of the separate political subdivisions.

Subsection (2), in question, specifies the political subdivisions whose taxes are included within the exemption granted, and negatives the application of the exemption to taxes levied by any other separate political subdivision— here, the school district.

Applicable is the following principle stated in *Hull v. Hull,* 2 Strob. Eq. 174, 21 S. C. Eq. 174, quoted with approval in *Greenville Baseball, Inc. v. Bearden,* 200 S. C. 363, 20 S. E. (2d) 813:

"Where the words of a Statute, in their primary meaning, do not expressly embrace the case before the Court, and there is nothing in the context to attach a different meaning to them, capable of expressly embracing it; the Court cannot extend the Statute, by construction, to that case, unless it falls so clearly within the reasons of the enactment as to warrant the assumption that it was not specifically enumerated among those described by the Legislature, only because it may have been deemed unnecessary to do so."

In view of the clear meaning of the language used in subsection (2) and the unmistakable distinction between county, township and school district taxes, the omission of school district taxes clearly indicates a legislative intent that such taxes were not embraced within the exemption granted. Under these circumstances, we must assume that, if it were intended to include school district taxes within the exemption granted, the statute would have so stated.

School district taxes are not included within the exemptions granted in any of the subsections of the statute. Only county and township taxes are referred to. It is true that subsections (3) through (5) grant exemptions from all county and township taxes, "except taxes for school purposes." However, the phrase "except taxes for school purposes" qualifies the preceding phrase "all county and township taxes," and clearly withdraws therefrom, during the additional exemption periods, the county taxes for school purposes which were exempted during the initial period. We find nothing in the statute to justify the conclusion as contended, that the reference in subsequent subsections to "taxes for school purposes" was intended to enlarge the clear and plain meaning of the terms "county and township taxes," as used in subsection (2), so as to include therein "school district taxes."

The fact that all taxes, whether county or school district, are levied by the county auditor and collected and disbursed by the county treasurer is of no relevance in determining

the present question. For, in each instance, the taxes are levied and collected only in the designated political subdivision, and are required by law to be allocated for use only by the political subdivision in which they are levied. The act of the county officers in administering the tax levied in the school district does not make the tax any less a school district tax.

However, respondents contend, by an Additional Sustaining Ground, that the testimony of Members of the York County Legislative Delegation, in the absence of committee reports or reports of legislative debates, is the best evidence of legislative intent and the meaning of the Act. We need not discuss the nature of the testimony of the Members of the Legislative Delegation or their position as authors of the legislation in question. Their testimony as to the meaning of the statute in question was inadmissible. *Greenville Baseball, Inc. v. Bearden, supra,* 200 S. C. 363, 20 S. E. (2d) 813; *Tallevast v. Kaminski,* 146 S. C. 225, 143 S. E. 796.

The governing principle was thus stated in *Greenville Baseball, Inc. v. Bearden:*

"It is a settled principle in the interpretation of statutes that even where there is some ambiguity or some uncertainty in the language used, resort cannot be had to the opinions of legislators or of others concerned in the enactment of the law, for the purpose of ascertaining the intent of the legislature."

The lower court was therefore in error in directing that the county refund that portion of the taxes derived from the 56½ mill levy assessed for School District No. 3, and the judgment under appeal is reversed to that extent. No issue is raised in this appeal as to the right of respondents to recover the remaining portion of the taxes paid under protest and the judgment for refund of that amount is affirmed.

Since respondents are entitled to a refund of a portion of the taxes paid under protest, their right to recover interest on the amount refunded must be determined.

The lower court properly concluded that Section 65-2656, Supplement to the 1962 Code of Laws, afforded statutory basis for the recovery of interest in this case. This section provides:

"With respect to taxes and license fees administered by the South Carolina Tax Commission, whenever any amount of taxes, license fees, penalties and interest are recovered by successful litigation in the courts of this State, such amounts recovered shall bear interest at the rate of one-half of one per cent per month from the date such taxes, license fees, penalties and interest were paid to the date the order for refund or credit was issued, and such interest shall be paid in the same manner and receive the same preference as the amounts recovered."

Section 65-2656 provides that, where the taxes or license fees involved are administered by the South Carolina Tax Commission, the amount recovered in a court action shall include interest from the date paid to the date of the order for refund. The statute does not limit the recovery of interest to taxes *collected* or *levied* by the Tax Commission, but is much broader in its application and applies to taxes *administered by* it. The question then is whether the taxes imposed by York County upon the property of the respondent manufacturers were administered by the Tax Commission within the meaning of Section 65-2656.

The statutes vest in the South Carolina Tax Commission broad administrative powers in the field of property taxation. Code Section 65-64 sets forth these powers with respect to property taxation generally. Section 65-1647.1, Supplement to 1962 Code of Laws, deals particularly with property taxes of manufacturers. It requires that returns by such taxpayers shall be made to the Commission on forms prescribed by it, and that the "assessment for property tax-

ation of . . . manufacturers, real and tangible personal property . . . shall be determined by the Tax Commission." Section 65-64 grants to the Commission wide supervisory powers over the assessment of property for taxation and subjects county officials to its orders and directions in such matters. *Murph v. Query,* 209 S. C. 354, 40 S. E. (2d) 245.

The general supervisory powers conferred by the statutes upon the Tax Commission with respect to assessment of property taxation bring such taxes within the classification of those administered by the Commission, within the meaning of Section 65-2656, *supra,* and renders the county liable for interest on the amount of the taxes recovered in this action.

Finally, it is contended that the lower court erred in determining that respondents were entitled to further tax exemption under the statute for subsequent years. This action was brought under Sections 65-2661 and 65-2662 of the 1962 Code of Laws to recover taxes paid under protest for the year 1969. Since only the taxes for that year were paid under protest, the lower court was without jurisdiction to determine the tax liability of respondents for subsequent years. *Elmwood Cemetery Association v. South Carolina Tax Commission,* 255 S. C. 457, 179 S. E. (2d) 609. The declaration that respondents are entitled to exemption in the years subsequent to 1969 is accordingly reversed as beyond the scope of the issues presented in this action.

In conformity with the views expressed herein, the judgment of the lower court is reversed in part and affirmed in part.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.