19996

UNITED TELEPHONE COMPANY OF the CAROLINAS, INC., Appellant, v. The SOUTH CAROLINA PUBLIC SERVICE COMMISSION et al., Respondents, and City of Greenwood, et al.

(213 S. E. (2d) 738)

*Messrs. Burns, McDonald, Bradford, Erwin & Patrick,* of Greenwood, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *M. John Bowen, Jr., Asst. Atty. Gen.,* of Columbia, *for Respondents, South Carolina Public Service Commission, and others,*

April 15, 1975.

*Per Curiam:*

United Telephone Company of the Carolinas, Inc., the appellant herein, on September 23, 1972, made application to the South Carolina Public Service Commission, the respondent herein, for an increase in its monthly rates and charges for local exchange services and non-recurring charges in its South Carolina telephone exchanges. After hearings before the respondent, a portion of the rate relief requested was granted by it, and the appellant subsequently filed a petition for a rehearing which was denied.

The appellant, being dissatisfied with the order of the respondent, did, pursuant to Section 58-471 of the Code, commence this action in the Court of Common Pleas for Richland County against the respondent, joining other interested parties as defendants, to vacate or set aside such order on the ground that it was unlawful and unreasonable,

and to remand this case to the respondent for further consideration.

This case came on to be heard before the Honorable John Grimball, Judge of the Court of Common Pleas for Richland County, who, by his order of August 12, 1973, affirmed the order of the respondent. Due notice of intention to appeal from such order was filed.

The appellant, by its exceptions, has posed a number of questions. However, we will consider only the question of whether the findings of the Commission were in sufficient detail to enable us to determine the controverted question presented and whether proper weight was given to the evidence.

At the conclusion of a hearing concerning a telephone company, Section 58-456 of the Code requires the Commission to set out in its order the specific findings upon which such order is based. We quote from the statute as follows:

"After the conclusion of a hearing the Commission shall make and file its findings and order with its opinion, if any. Its findings shall be in sufficient detail to enable a court on review to determine the controverted question presented by the proceeding and whether proper weight was given to the evidence. . . ."

Appropriate to the requirements of the aforesaid statute is what we said in *State Board of Medical Examiners v. Gandy*, 248 S. C. 300, 149 S. E. (2d) 644:

"* * * such specific and definite findings upon the evidence should be made as will enable the court on review to determine the questions of law involved and whether the general findings should stand, particularly when there are material facts at issue."

The amount permitted to be earned by the appellant depends upon the rate base and the allowed rate of return on such. The respondent found that the ap-

pellant presented evidence supporting a fair rate of return on rate base of 9.72 per cent but concluded that a fair rate of return on the rate base for the appellant should be fixed at 8.57 per cent. The controverted issue in this case was what was a fair rate of return on rate base. This raised a disputed issue of fact, and it was the duty of the respondent to make specific and definite findings from the evidence to support its conclusion that 8.57 per cent was a fair rate of return on rate base. We find it impossible to properly review this issue because of the failure of the respondent to make specific findings of fact with reference thereto.

The judgment below is, accordingly, reversed, and the case remanded to the circuit court for the purpose of entering an appropriate order sending it back to the South Carolina Public Service Commission for further proceedings in accordance with this opinion.

Reversed and remanded.