Melvin A. LEVY and M. L. Fortner et al., Appellants,

v.

STATE of Tennessee BOARD OF EXAMINERS FOR SPEECH PATHOLOGY AND AUDIOLOGY et al., Appellees.

Supreme Court of Tennessee.

Aug. 1, 1977.

Calvin N. Taylor, Cheek, Taylor & Groover, Knoxville, for appellants.

Brooks McLemore, Atty. Gen., Frank J. Scanlon, Asst. Atty. Gen., Nashville, for appellees.

## OPINION

FONES, Justice.

Plaintiffs appeal from a chancery ruling upholding the Tennessee Board of Examiners for Speech Pathology and Audiology denial of their applications for licenses as audiologists. The first error assigned is that the chancellor erred in finding the Board's action was supported by substantial and material evidence in the record, when in fact its action was arbitrary, capricious and an abuse of discretion. Plaintiffs also charge that the chancellor erred in refusing to consider letters from legislators as evidence in construing the Speech Pathologist and Audiology Act, T.C.A. § 63–1701 et seq.

The licensing procedure for audiologists is governed by the Act, which creates the Board of Examiners and requires it to pass on all applications for license. The Act defines the practice of audiology as:

"(g). . . . the application of nonmedical principles, methods, and procedures of measurement, testing, appraisal, prediction, consultation, counseling, and instruction related to hearing and disorders of hearing for the purpose of modifying communicative disorders in-

volving speech, language, auditory function, or other aberrant behavior related to hearing loss."

Two methods of licensing are provided for. Under T.C.A. § 63–1710 the applicant must have a masters degree and pass an examination, while T.C.A. § 63–1713 provides:

"63–1713. *Present practitioners.*—The board shall waive the examination and educational requirements for those applicants who, on July 1, 1973, or in the two (2) years prior to this chapter, for a period of at least six (6) months, have been actively engaged in the practice of speech pathology or audiology upon proof of bona fide practice presented to the board in the manner prescribed by the board's regulations, providing that they file an application for examination on or before two (2) years after July 1, 1973."

The Board promulgated regulations describing the manner of proof of prior practice; and both plaintiffs submitted applications for licenses under the waiver provision of the statute.

The Board initially denied both applications in an open hearing in which plaintiffs were allowed to make oral presentations and had counsel present. Subsequent to the denial plaintiffs were informed of their right to a "formal due process hearing" before the Board, which they demanded.

The hearing was trial-type and adversary and conducted according to the terms of the Administrative Procedures Act, T.C.A. §§ 4–507—4–527.

At the hearing both plaintiffs testified extensively about their prior experience in the area of audiology. Both described in detail the manner of testing they employed in their work. While both agreed a very substantial portion of their prior experience related to the fitting of hearing aids, they stated that some testing was done to determine hearing loss as assistance to physicians.

Counsel representing the Board as an adversary advocate, called one Dr. David Lipscomb, a speech pathology and audiology professor from the University of Tennessee. Doctor Lipscomb went into great detail describing the normal work functions of the practice of audiology. He explained many of the testing procedures employed by audiologists in determining hearing losses and their sources. This essentially was all the relevant evidence presented to the Board on the question of the qualifications of plaintiffs from their prior experience.

■ The Board made a written "Final Decision" in both cases. The only findings made by the Board were identical:

"Based upon the sworn testimony of witnesses, all evidence introduced and argument of counsel, the Board finds as a matter of fact and law that the Petitioner, Luther M. Fortner [Melvin A. Levy] has at no time engaged in the practice of audiology as that term is used in T.C.A. Section 63–1713 and as defined in T.C.A. Section 63–1703(g).

Accordingly, the decision of the Board on June 5, 1975, denying Petitioner's application for license is affirmed."

T.C.A. § 4–519 provides in part:

"A final decision shall include findings of fact, conclusions of law, and reasons for the ultimate decision. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings."

The foregoing is not a mere technicality but is an absolute necessity without which judicial review would be impossible. As Justice Douglas pointed out in *Baltimore & O. R. Co. v. Aberdeen & R. R. Co.*, 393 U.S. 87, 89 S.Ct. 280, 21 L.Ed.2d 219 (1968):

"The requirement for administrative decisions based on substantial evidence and reasoned findings—which alone make effective judicial review possible—would become lost in the haze of so-called expertise. Administrative expertise would

then be on its way to becoming ' " ' a monster which rules with no practical limits on its discretion.' " ' " 393 U.S. at 92, 89 S.Ct. at 283, 21 L.Ed.2d at 224.

Another excellent statement concerning the necessity of specific findings by administrative boards is found in *USV Pharmaceutical Corp. v. Secretary of Health, E. & W.,* 151 U.S.App.D.C. 284, 466 F.2d 455 (1972):

> "As we have frequently emphasized, findings of fact are not mere procedural niceties; they are essential to the effective review of administrative decisions. Without findings of fact a reviewing court is unable to determine whether the decision reached by an administrative agency follows as a matter of law from the facts stated as its basis, and whether the facts so found have any substantial support in the evidence." 466 F.2d at 462.

Other states whose courts pass on the administrative denial or revocations of licenses likewise have expressed the need for specific findings by the boards:

> "We find it impossible to properly review the issues raised in this appeal because of the failure of the Board to make specific findings of fact on the several charges made against Dr. Gandy.
>
> While exactness of form and procedure is not required in the order of administrative agencies or boards, such specific and definite findings upon the evidence should be made as will enable the court on review to determine the questions of law involved and whether the general findings should stand, particularly when there are material facts at issue." *State Board of Medical Examiners v. Gandy,* 248 S.C. 300, 149 S.E.2d 644, 646 (1966).

In *Allied Investment Co. v. Oklahoma Securities Com'n,* 451 P.2d 952 (Okl.1969), the Oklahoma Supreme Court had before it an administrative revocation of a securities broker's license. The commission had conducted an evidentiary hearing and issued an order revoking the dealers license without setting forth any facts. The Court remanded the case to the commission stating:

> "A recitation of the findings of fact and conclusions of law is a vital and necessary part of any order by an administrative agency acting in a quasi-judicial capacity. The purpose of which is to enable the parties and the reviewing tribunal [to] make a determination whether the case has been decided upon the law and evidence or, on the contrary, upon arbitrary or extralegal considerations." 451 P.2d at 953.

In the present case, the Board made no specific findings regarding deficiencies in these plaintiffs' experiences nor did they articulate wherein appellants' experience fails to qualify as the practice of audiology, as defined in T.C.A. § 63–1703. Consequently it is impossible for us to say whether or not their action was or was not based on substantial evidence or furthermore was an abuse of discretion.

■ Although the chancellor has made some detailed findings these cannot be substituted for those by the Board because they would amount to an usurpation of the Board's judgment which is specifically prohibited by T.C.A. § 4–523(h).

Plaintiffs' second assignment is that the chancellor erroneously labeled as incompetent certain letters written by legislators after the enactment of the Act, regarding their construction of which persons were to be included in the grandfather clause.

■ Although statutory ambiguity sometimes requires that we resort to certain legislative history in order to ferret out legislative intent, see e. g. *Banks v. City of Mason,* 541 S.W.2d 143 (Tenn.1976); *City of Memphis v. Roberts,* 528 S.W.2d 201 (Tenn. 1975); the letters, testimony or other evidence rendered by a legislator retrospectively is not admissible on such issues.

The Tennessee Supreme Court has not addressed this issue before, but the states that have hold such evidence inadmissible. See 82 C.J.S. Statutes § 361 n. 94 at 793.

The following three statements by the Supreme Courts of New Jersey, South Carolina and Wisconsin are typical:

"While reports and comparable documents evidencing legislative purpose have been freely considered by this court, it has not at any time suggested that it would approve the extraordinary course of taking testimony of individual legislators as to their actual intent or understanding when they voted upon the legislation." *Dumont Lowden, Inc. v. Hansen*, 38 N.J. 49, 183 A.2d 16 at 20 (1962).

" 'It is a settled principle in the interpretation of statutes that even where there is some ambiguity or some uncertainty in the language used, resort cannot be had to the opinions of legislators or of others concerned in the enactment of the law, for the purpose of ascertaining the intent of the legislature.' " *Bowaters Carolina Corporation v. Smith*, 257 S.C. 563, 186 S.E.2d 761, 764 (1972).

"Members of the legislature have no more right to construe one of its enactments retrospectively than has any other private person." *Cartwright v. Sharpe*, 40 Wis.2d 494, 162 N.W.2d 5, 12 (1968).

This case is remanded to the Chancery Court of Davidson County for the entry of an order of remand to the Board of Examiners of Speech Pathologists and Audiologists with instructions to reconsider the record heretofore made before it and promulgate a decision containing findings of fact, reasons for its decision and conclusions of law in accord with the requirements of T.C.A. § 4–519 and the judicial decisions discussed herein.

The costs of this appeal are adjudged against the appellees.

COOPER, C. J., and HENRY, BROCK and HARBISON, JJ., concur.