**IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON**

| | |
|---|---|
| **JERRY MACK,** ) | |
| ) | |
| Plaintiff/Appellant, ) | **Shelby Chancery No. 108468-2 R.D.** |
| ) | |
| **VS.** ) | **Appeal No. 02a01-9807-CH-00215** |
| ) | |
| **THE CIVIL SERVICE COMMISSION** ) | |
| **OF THE CITY OF MEMPHIS, and** ) | |
| **THE CITY OF MEMPHIS,** ) | |
| ) | |
| Defendants/Appellees. ) | |

**FILED**

**April 28, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

APPEAL FROM THE CHANCERY COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE
THE HONORABLE FLOYD PEETE, CHANCELLOR

**MARK ALLEN
ALLEN, GODWIN, MORRIS,
LAURENZI & BLOOMFIELD, P.C.**
Memphis, Tennessee
Attorney for Appellant

**ROBERT L. J. SPENCE, JR.
City Attorney
ELBERT JEFFERSON, JR.
Deputy City Attorney**
Memphis, Tennessee
Attorneys for Appellees

**AFFIRMED IN PART AND REMANDED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID R. FARMER, J.**

Jerry Mack ("Mack" or "Appellant") appeals the judgment of the trial court upholding

the decision of the City of Memphis Civil Service Commission ("Commission" or "Appellee") which sustained the termination of Mack.

## I. Factual and Procedural History

This matter involves an appeal of the discharge of Mack from his position as Events Coordinator for the City of Memphis Park Commission on April 15, 1996 for allegedly disobeying a direct order to stay at a March 23, 1996 expanded event. Mack was employed by the Park Commission for approximately ten (10) years. He held the position of Special Events Coordinator for eight (8) years.

Mack's immediate supervisor was Franklin Shelton. As part of Mack's duties as Special Events Coordinator, Mack was required to plan two jamborees per year. Both events required a great deal of planning and coordination. One week before the March 23, 1996 Jamboree there was a meeting of Park Commission Center Directors in which it was decided that the March 23 Jamboree should be expanded to include high school competition. Mack was not at the meeting, nor was he invited to attend. Shelton testified that he told Mack on or about March 20 that the event was being expanded. Mack denied any knowledge.

On March 23, Mack conducted the Jamboree pursuant to his plans. At some point during the day he found out there was to be an additional program after his program ended. It is disputed whether Shelton ordered Mack to stay for the additional program. Mack cleaned up his area and left before the additional program began.

A fellow employee, Melvin Carter, testified he knew nothing about the additional program, but was asked to stay over by Shelton. Carter had previous plans to pick up his son. He left against orders, picked up his son, and returned. No disciplinary actions were taken against Carter.

2

On March 25, 1996, Mack was called into Shelton's office and given a "Fact Finding Hearing" notification advising him that he was being relieved of duty with pay and that the hearing was scheduled for Wednesday, March 27, 1996. Shelton recommended termination. Mack timely appealed to Superintendent Powell who sustained the charges and terminated Mack on April 15, 1996. On May 3, 1996, Terrance Woods, Acting Deputy Director of the Memphis Park Commission, sustained the charges and upheld Mack's termination.

Mack timely appealed his suspension to the Commission and a full hearing was held on September 6, 1996. At the hearing, coupled with arguments of disparate treatment, Mack documented a pattern of hostility practiced toward him by Shelton. On September 8, 1996, the Commission sustained Mack's termination for violations of PM-38-02, #2 (refusal to accept an assignment from supervisor and failure to obey instruction); Park Commission Work Rule 1.03 (leaving the work site after being instructed to stay); and Park Commission Work Rule 2.03 (verbally abusing your supervisor because of an order given). The Commission did not sustain the other charges.

A timely Petition for Writ of Certiorari was filed in the Chancery Court of Shelby County on November 1, 1996. A hearing was held on November 17, 1997. The Court upheld the Commission's decision sustaining Mack's termination on June 23, 1998. Mack filed a timely Notice of Appeal on July 21, 1998 seeking review by this Court.

## II. Standard of Review

A person aggrieved by a final decision of an administrative agency is entitled to judicial review in chancery court. Tenn. Code Ann. §4-5-322(a)(1). The standard of review of agency decisions on appeal is found in Tenn. Code Ann. §4-5-322. The statute provides in pertinent part:

> **§4-5-322. Judicial review. -**
> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner

3

have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion;  or
> (5) Unsupported by evidence which is both substantial and material in the light of the entire record.
>
> In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.
>
> (I) No agency decision pursuant to a hearing in a contested case shall be reversed, remanded or modified by the reviewing court unless for errors which affect the merits of such decision.
>
> (j) The reviewing court shall reduce its findings of fact and conclusions of law to writing and make them parts of the record.

Our courts have held that appellate courts shall review agency decisions under the same standard as the chancery court. In Metro Gov't of Nashville, Etc. v. Schacklett, 554 S.W.2d 601 (Tenn. 1977), the Tennessee Supreme Court found that it would be impracticable for the Court to afford any broader or more comprehensive review to cases arising under the Act than is afforded to them by the trial court in the first instance. Id. at 604. Both the trial court and the appellate court should review factual issues upon a standard of substantial and material evidence. Humana of Tenn. v. Tennessee Health Care Facilities Comm's., 551 S.W.2d 664 (Tenn. 1977). *See also* Goldsmith v. Roberts, 622 S.W.2d 438 (Ten. Ct. App. 1981) (The correct test for reviewing a commissioner's decision, as well as review of chancellor's finding in review of commissioner's decision, is whether or not there was substantial or material evidence to support his decision.)

If the reviewing court finds that the essential rulings of the Board are correct as a matter of law and that any necessary factual findings are based upon substantial and material evidence, then the Board's decision must be affirmed even if other errors may be found. Bishop v. Tennessee State Bd. of Accountancy, 905 S.W.2d 939, 942 (Tenn.App. 1995).

### III. Lower Court Findings of Fact and Conclusions of Law

4

Mack contends that the findings of fact and conclusions of law of the trial court are insufficient. Tenn. Code Ann. §4-5-322(j) provides that the reviewing court shall reduce its findings of fact and conclusions of law to writing and make them part of the record. Mack cites language found in CF Industries v. Tennessee Public Service Commission, 599 S.W.2d 536, 540 (Tenn. 1980) which states, "This is a statutory imperative; it is not a mere technicality but is an absolute necessity without which judicial review would be impossible."

The Court in CF Industries found that the sufficiency of an agency's findings of fact must be measured against the nature of the controversy and the intensity of the factual dispute. Where there is no disputed issue of fact before the agency, the facts need only be recited. Id. at 541. Where issues of fact are sharply contested and the proof is conflicting, a detailed finding of fact dovetailed to the record is a practical and legal imperative. Id. In light of these standards, Mack contends that the Order of Judgment entered by the trial court is legally insufficient and should be remanded for the consideration and entry of further findings.

While the findings of the trial court in this matter are somewhat sparse, the above-quoted language regarding the specificity of findings refers to the findings of the Commission and not to the findings of the trial court. This is further evidenced in the case of Levy v. State Bd. of Examiners, Etc., 553 S.W.2d 909 (Tenn. 1977). In Levy, the Tennessee Supreme Court found that, as the Board made no specific findings, it was impossible for the Court to say whether or not their action was based on substantial evidence or furthermore was an abuse of discretion. Id. at 912. The Court further held that the detailed findings of the chancellor could not be substituted for those of the Board because they would amount to a usurpation of the Board's judgment which was specifically prohibited by statute. Id.

The standard of review at the trial level and appellate level is the same. The court must review the factual issues and the decision of the Commission must stand if it is supported by substantial and material evidence. The findings of fact relevant to this inquiry

are the findings of fact of the Commission. While §4-5-322 requires the reviewing court to reduce its findings of fact and conclusions of law to writing and makes them part of the record, the specificity requirement applies to the Commission. The purpose of findings and conclusions is to aid the court in determining the reasons behind the *agency* decision, and whether the *agency's* conclusion is based on sufficient evidence. CF Industries at 541 (emphasis added).

The trial court found that the termination of Mack was the result of Mack's violation and noncompliance with the City of Memphis Personnel Manual Policies and Procedures Section PM 38-02, numbers 1,2 and 4, and of the City of Memphis Park Commission Work Rules 1.03 and 2.02. The trial court also made the following conclusions of law:

> 1. That this Court has jurisdiction of the parties and the subject matter of this action pursuant to Tenn. Code Ann. §27-9-114, et. seq. and §4-5-322.
> 2. That in its case before the Civil Service Commission of the City of Memphis, Respondent, City of Memphis, made a prima facie case that termination of Petitioner, Jerry Mack, was based on good cause.
> 3. That Petitioner, Jerry Mack, failed to controvert the prima facie case made by the City of Memphis.
> 4. That the decision of the City of Memphis Civil Service Commission in upholding the termination of Mr. Jerry Mack was not arbitrary, capricious, an abuse of discretion or unsupported by substantial and material evidence.
> 5. That the original termination of Mr. Jerry Mack by the City of Memphis be upheld.

We hold that the findings of fact set forth by the trial court comply with Tenn. Code Ann. §4-5-322(j). The specificity requirement set forth in the above mentioned case law refers to the findings of the agency. Mack has not alleged that the findings of the Commission are in any way insufficient. However, the findings of the Commission are necessary for this Court to determine the reasons behind the Commission's decision and whether the Commission's conclusion is based on sufficient evidence, and we find that the Commission's findings are legally sufficient for this purpose.

### IV. Substantial and Material Evidence

Pursuant to Tenn. Code Ann. §4-5-322(h), the reviewing court may reverse or

6

modify the agency decision if it is unsupported by evidence which is both substantial and material in light of the entire record. Mack contends that the findings of the Commission were arbitrary and the decision of the Commission was not supported by substantial and material evidence.

Mack was terminated for violation of *Personnel Manual Policies and Procedures* PM-38-02, #2 (refusal to accept an assignment from supervisor and failure to obey instructions); *Park Commission Work Rule* 1.03 (leaving the work site after being instructed to stay); and 2.02 (Verbally abusing your supervisor because of an order given).

For the purpose of review under Tenn. Code Ann. § 4-5-322(h)(5) (Supp.1997), "substantial and material evidence" is such relevant evidence that a reasonable mind may accept to support a rational conclusion and to furnish a reasonably sound basis for the action under consideration. *See* Southern Ry. v. State Bd. of Equalization, 682 S.W.2d 196, 199 (Tenn.1984). This amount of evidence is something less than a preponderance of the evidence but more than a scintilla or a glimmer. Wayne County v. Tennessee Solid Waste Disposal Control Bd., 756 S.W.2d 274, 280 (Tenn.App.1988). "When we are reviewing the evidentiary foundation of an administrative decision under Tenn. Code Ann. § 4-5-322(h)(5), we are not permitted to weigh factual evidence and substitute our own conclusions and judgment for that of the agency, even if the evidence could support a different determination than the agency reached." Ware v. Greene, 984 S.W.2d 610, 614 (Tenn.App. 1998). *See also* Tenn. Code Ann. § 4-5-322(h); Humana of Tenn. v. Tennessee Health Facilities Comm'n, 551 S.W.2d 664, 667 (Tenn.1977). An agency's decision may be supported by substantial and material evidence even when the evidence could support another conclusion. Jones v. Greene, 946 S.W.2d 817, 828 (Tenn.App. 1996).

Mack argues that he did not know the event was to be expanded until the day of the event. Melvin Carter assisted Mack with the events at the jamboree. Carter testified that he also did not know the event was to be expanded until the day of the event. Mack

7

contends that his supervisor, Franklin Shelton, did not ask him to remain at the event.

However, there was testimony by Shelton that Mack knew the event was to be expanded and that Shelton gave him a direct order to stay at the event. Shelton's supervisor, Charles Powell, testified that Shelton approached him at the event to tell him he had a conversation with Mack, asked him to stay, and Mack was refusing to stay. Powell testified that he told Shelton to go back and tell Mack that it was a direct order and to disobey it would be insubordination. There is evidence in the record that Mack verbally abused Shelton because of the order he was given.

Mack is correct that these issues were disputed and we would agree that the evidence presented could support a different determination than the Commission reached. However, the possibility of drawing inconsistent conclusions from the proof does not prevent an agency's decision from being supported by substantial and material evidence. Jones at 828. The courts need only reject an agency's factual findings when, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion. Id.

We cannot find that reasonable minds would necessarily come to a different conclusion. We therefore affirm the factual findings of the Commission and hold that the decision of the Commission is supported by substantial and material evidence.

## V. Constitutional Issues

Mack contends that he was denied equal protection of the law in light of the fact that he was treated differently than a similarly situated employee. He alleges that the disciplinary policy and ordinances of the City of Memphis calling for "just cause" for discharge were applied in a disparate fashion to him even though the disciplinary policy itself requires that it be applied in a "uniform method" without "prejudice or favoritism." These allegations are based upon the undisputed fact that Melvin Carter disobeyed a

8

direct order to stay on the premises for the expanded May 23 event. Carter testified that he left the event to pick up his son and then returned to the event. Carter was neither terminated nor disciplined in any fashion for his actions.

Although we have found the Commission's decision to be supported by substantial and material evidence, pursuant to Tenn. Code Ann. §4-5-322(h)(1), the decision of the Commission may also be reversed or modified if the petitioner's rights have been prejudiced because the administrative findings, inferences, conclusions or decisions are in violation of constitutional or statutory authority. The constitutional issues raised by Mack are not addressed in the findings and conclusions of the Commission or the trial court.

The propriety of an administrative agency determining constitutional issues was addressed by the Supreme Court of Tennessee in Richardson v. Tennessee Bd. of Dentistry, 913 S.W.2d 446 (Tenn. 1995). The Court in Richardson held that administrative agencies are without authority to rule on the facial unconstitutionality of a statute, but agencies may rule on the unconstitutional application of a statute or rule. However, failure to contest the unconstitutional application of a statute or rule at the agency level does not prevent a party from raising those issues upon judicial review. While it is unclear from the record whether the constitutional issues were raised at the agency level, both parties agree that the issues were raised in the trial court below.

Mack's contention is that the policies and ordinances of the City of Memphis, while constitutional on their face, were applied in a disparate fashion in violation of his equal protection rights under both the United States Constitution and Tennessee Constitution.[1] Mack also contends that the disparate application is in violation of the policy itself which requires that it be applied in a "uniform method" without "prejudice or favoritism."

---

[1]Although not framed as a separate issue in his brief to this Court, Mack takes issue with the lack of pre-discharge investigation by the City, and the failures of the post discharge investigation. While Tenn. Code Ann. §4-5-322(h)(3) allows the reviewing court to reverse or modify the decision if made upon unlawful procedure, this refers to the procedure of the agency itself. Mack does not allege that the problems with the investigation fall under this section of the statute, but neither does he set forth the legal avenue through which this issue can be reached by the reviewing court. To the extent that this issue can be construed as a violation of Mack's constitutional right to procedural due process or as a violation of statutory provisions, it should be addressed by the trial court in its findings of fact and conclusions of law on remand.

9

While it may be difficult for Mack to prove that his equal protection rights have been violated under this theory of disparate application, Mack is entitled to have these grounds of reversal addressed by the trial court pursuant to Tenn. Code Ann. §4-5-322(h)(1). We must therefore remand this case back to the trial court for findings of fact and conclusions of law on the constitutional issues presented by Mack.

### VI. Conclusion

The judgment of the trial court is hereby affirmed in part and remanded for further findings of fact and conclusions of law on the issue of violation of constitutional or statutory provisions. Costs of this appeal are taxed to Appellant, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

CRAWFORD, P.J., W.S.


FARMER, J.