IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 18, 2009 Session

JASON MORRIS v.
CITY OF MEMPHIS CIVIL SERVICE COMMISSION

Direct Appeal from the Chancery Court for Shelby County
No. CH-06-1334-2     Arnold B. Goldin, Chancellor

No. W2009-00372-COA-R3-CV - Filed December 7, 2009

This is an appeal from the decision of the Civil Service Commission of the City of Memphis, upholding the decision to terminate Appellant, Jason Morris' employment with the Memphis Police Department. We find that the Civil Service Commission failed to make the required findings of fact and conclusions therefrom. Accordingly, it is impossible for this Court to review the case based on the record before it. Therefore, we vacate the order of the Chancery Court and remand for further proceedings in accordance with this opinion.

Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Vacated and Remanded

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Deborah S. Godwin, Memphis, Tennessee, for the Appellant, Jason Morris.

Gerald L. Thornton, Memphis, Tennessee, for the Appellee, City of Memphis Civil Service Commission.

OPINION

This action arises from the termination of Appellant, Jason Morris ("Officer Morris") from the Memphis Police Department following an off-duty altercation between Officer Morris and his girlfriend, Angela Morgan ("Morgan"). It is alleged that during the altercation, Officer Morris physically attacked Morgan and she sustained injuries as a result. Officer Morris contends that during the argument, Morgan grabbed him and in attempting to get away, his elbow came into contact with her. Following the incident Morgan contacted the Internal Affairs Bureau and the incident was investigated by Sergeant Angela Jenkins ("Sergeant Jenkins"). Sergeant Jenkins interviewed Morgan and took pictures of her injuries. Morgan also signed an intent not to prosecute form. During the investigation, Officer Morris was removed from enforcement duty. The allegations were turned over to the District Attorney, who, after investigation, decided not to prosecute as long as Officer Morris got counseling. Officer Morris was then returned to full duty.

Officer Morris was charged with violating Departmental Rule 104 Personal Conduct("DR-104")[1] and Departmental Rule 108 Truthfulness("DR-108").[2] A non-evidentiary administrative hearing was subsequently held by Deputy Chief Larry Godwin ("Chief Godwin). Chief Godwin, relying on the statements by Officer Morris and the investigative file, sustained the charges and terminated Officer Morris based on his action and conduct in this incident as well as his disciplinary record. Officer Morris appealed this decision to the Civil Service Commission of the City of Memphis ("The Commission").

The Commission held a hearing on September 22, 2006. The Commission heard testimony from Officer Morris, Sergeant Jenkins, Chief Godwin and Sergeant Eddie Bass, Jr. The Commission also reviewed the administrative file which Chief Godwin relied upon. Morgan was issued a subpoena to appear, but she was not served and the parties stipulated that she was unavailable. On November 13, 2006, the Civil Service Commission issued a written decision. The decision summarized the history of the case and the evidence before it. Following this summary, the Commission stated:

> The Commission has now reviewed the testimony, the evidentiary exhibits, and the arguments of the respective parties, along with their respective briefs. After lengthy deliberation, the Commission unanimously concludes that the disciplinary action taken by the City in terminating Mr. Morris' employment was reasonable under the circumstances. The Commission agrees with the arguments of Mr. Morris' counsel that we may not consider the matters involved in the Diversion and Expungement of the 1998 alleged occurrence. Nevertheless, the Commission cannot ignore the other warnings to the Department (exclusive of the 1998 incident) that appear in previous disciplinary actions taken against Mr. Morris, and it cannot second guess Director Godwin's conclusion that the personal conduct

---

[1] DR-104 Personal Conduct provides:

The conduct of each member, both on and off duty, is expected to be such that it will not reflect adversely on other members, the Department, the City of Memphis, or the law enforcement profession. This regulation applies to both the professional and private conduct of all members. It prohibits any and all conduct which is contrary to the letter and spirit of departmental policy and all unlawful acts by members but also acts which, although not unlawful in themselves, would violate the Law Enforcement Code of Ethics, and would degrade or bring disrespect upon the member or the Department.

[2] DR-108 Truthfulness provides:

A member shall not give any information, either oral or written, in connection with any assignment or investigation that is either knowingly incorrect, false or deceitful.

of Mr. Morris, under all the circumstances, justified the disciplinary action taken.

Accordingly, the June 6, 2003 termination of Mr. Morris' employment is hereby sustained.

Both parties concede in their briefs that these are the entire findings of the Commission.

On January 5, 2007, Officer Morris filed a Petition for Writ of Judicial Review in Chancery Court pursuant to Tenn. Code Ann. § 27-9-114. After a trial on October 22, 2008, and reviewing the record in the case, the Chancery Court issued an order on February 4, 2009, upholding the decision of the Commission. The Chancery Court dismissed the truthfulness charge, finding that there was no basis in the record to uphold that charge. The Chancery Court found that the DR-104 Personal Conduct charge must stand on its own, but that prior disciplinary action could be considered in determining appropriate discipline. The Chancery Court found, based on Chief Godwin's testimony, that Officer Morris' act alone would have resulted in termination, and that there was no double jeopardy violation as Chief Godwin only looked to prior acts to determine discipline, not to prove the allegations. Further, the Chancery Court found that the expunged record "probably should have not been there," but that it did not influence the termination. Officer Morris appeals from this decision.

On appeal, Officer Morris presents four issues for our review. We restate them as follows:

1.      Whether the trial court erred in finding that Officer Morris' due process rights were not violated when his accuser did not appear to testify at this civil service hearing and he was not given the opportunity to confront his accuser?

2.      Whether the trial court erred in finding that the expunged records that were erroneously maintained in the investigative file and considered by Chief Godwin, did not influence disciplinary action taken against Officer Morris?

3.      Whether the trial court erred in finding that Officer Morris was not subjected to "industrial double jeopardy" when he was punished twice for a past incident?

4.      Whether the trial court erred in finding that the Commission's decision was not arbitrary, capricious, and/or characterized by an abuse of discretion; and that the decision was supported by evidence that was both substantial and material in light of the record as a whole?

**Applicable Standard of Review for the Trial and Appellate Courts**

The Tennessee Supreme Court recently addressed the applicable standard of review for both trial and appellate courts in ***Davis v. Shelby County Sheriff's Department***, 278 S.W.3d 256 (Tenn.

2009).  In ***Davis***, the Supreme Court discussed the applicability of the Uniform Administrative Procedures Act("UAPA") standard of review.  ***Id.*** at 262-64.  As noted by the Supreme Court, the General Assembly amended Tenn. Code Ann. § 27-9-114 in 1988 to read, in pertinent part, "Judicial review of decisions by civil service boards of a county or municipality which affects the employment status of a county or city civil service employee shall be in conformity with the judicial review standards under the [UAPA], § 4-5-322." Tenn. Code Ann. §27-9-114(b)(1); ***Davis,*** 278 S.W.3d at 262 .

In ***Davis***, the Supreme Court clarified the application of Tenn. Code Ann. §4-5-322 to Civil Service Boards not governed by Tenn. Code Ann. § 27-9-114(a)(1).[3]  ***Id.*** at 263.  The provisions of subdivision (a)(1) do not apply to civil service boards organized under a home rule charter form of government.  Tenn. Code Ann. §27-9-114(a)(2).  The City of Memphis is a home rule jurisdiction. City of Memphis Ordinance No. 1852.  As such, the Commission is exempted from subdivision (a)(1).  However, as noted by the Supreme Court, when Tenn. Code Ann. § 27-9-114(a) and (b) are read *in pari materia*, Tenn. Code. Ann. § 27-9-114(a)(2) does not affect the applicability of the judicial review standard to the Commission's decisions under Tenn. Code. Ann. § 27-9-114(b). ***Davis***, 278 S.W.3d at 263.  Accordingly, the judicial standard of review is provided in Tenn. Code Ann. § 4-5-322(h), which provides:

> The court may affirm the decision of the agency or remand the case for further proceedings.  The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inference, conclusions or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted  exercise of discretion; or
> (5) (A) Unsupported by evidence that is both substantial and material in light of the entire records.
>    (B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Therefore, the Court's review of the factual findings of the Commission is limited to the provisions in Tenn. Code. Ann. § 4-5-322. ***Davis,*** 278 S.W.3d at 264.  However, we review matters

---

[3]Tenn. Code Ann. § 27-9-114(a)(1) states "Contested case hearings by civil service boards of a county or municipality which affect the employment status of a civil service employee shall be conducted in conformity with the contested case procedures under the Uniform Administrative Procedures Act, complied in title 4, chapter 5, part 3."

of law de novo with no presumption of correctness. *Id.* (citing Tenn. R. App. P 13(d); *Cumulus Broad Inc. v. Shim*, 226 S.W.3d 366, 373 (Tenn. 2007).

We must first determine whether the Commission has applied the proper legal principles in this case. *Penny v. City of Memphis*, 276 S.W.3d 410, 418 (Tenn. Ct. App. 2008). Then we must consider the disputed factual findings, reviewing them under a "substantial and material evidence" standard. *Id.* (citations omitted). "Substantial and material evidence is 'such relevant evidence as a reasonable mind might accept to support a rational conclusion' and furnish a reasonably sound basis for the decision under consideration." *Id.* (quoting **City of Memphis v. Civil Service Comm'n**, 216 S.W.3d 311, 316 (Tenn. 2007)(citations omitted)). Substantial and material is "something less than a preponderance of the evidence, but more than a scintilla or glimmer." *Id.* (citations omitted). Pursuant to statute, we take into account "whatever in the record fairly detracts from its weight," but we cannot substitute our judgment for that of the Commission. Tenn. Code Ann. § 4-5-322. "We may reject [the Commission's] determination only if a reasonable person would necessarily arrive at a different conclusion based on the evidence." *City of Memphis v. The Civil Service Comm'n*, 239 S.W.3d 202, 208 (Tenn. Ct. App. 2007).

**The Standard of Review for the Civil Service Commission**

As stated, because the City of Memphis operates under home rule jurisdiction, the Commission is exempted from the requirement that it follow the procedures provided in the UAPA. Tenn. Code Ann. § 27-9-114(a)(2). Instead the procedure the Commission is to follow is provided in the Charter of the City of Memphis("Charter"). Specifically, the Charter provides, in pertinent part:

> Section 246. Termination, suspension, or demotion of employee.
>
> The City may terminate, suspend, or demote an employee for just cause, and the employee shall be given written notice of the reasons for the action. Just cause shall exist when the employer had a reasonable basis for the action taken. Enumeration of the above-stated disciplinary actions, which are reviewable by the commission, shall not be construed as a limitation on the powers of the City to impose other less stringent disciplinary measures which shall not be appealable to the commission.
>
> Section 247. Appeals to Commission
>
> Any employee holding a position not exempted from the provisions of this article and not in his initial probationary period, who has been suspended in excess of ten (10) days, terminated, or demoted, may appeal to the commission within ten (10) calendar days after notification in writing of such action....

Section 248. Hearings.

> Upon an employee's appeal from his termination, demotion, or suspension, a hearing shall be held before the hearing board of the commission within a reasonable time thereafter, not to exceed sixty (60) days from filing of the appeal . . . . At such hearing both the appealing employee and the official whose actions are being reviewed shall have the right to be heard and to present evidence and to be represented by themselves or by legal counsel of their choosing. The burden of proof required to sustain the action of the City shall be by a preponderance of the evidence. If after a presentation of the proof, the commission finds that there exists a reasonable basis for the disciplinary action taken, the action of the City shall be sustained. The decision of the commission shall be stated in writing and shall include the commission's findings of fact and conclusions therefrom. The decision of the commission shall be appealable by either the City or the employee as provided by state law.

"In order to prevail in the proceedings before the Civil Service Commission, the City must have shown by a preponderance of the evidence that [Officer Morris] violated DR-104 and that the violation, in addition to surrounding circumstances, furnished a reasonable basis to terminate their employment." *City of Memphis v. Civil Service Comm'n*, 238 S.W.3d 238, 244 (Tenn. Ct. App. 2007); see also *Logan v. Civil Service Comm'n of the City of Memphis*, No. W2007-00324-COA-R3-CV, 2008 WL 715226 at *10 (Tenn. Ct. App. 2008)(holding that the civil service commission was required to find that the officer violated department policy and that there was a reasonable basis for termination); and *City of Memphis v. Civil Service Comm'n*, 239 S.W.3d 202, 208 (Tenn. Ct. App. 2007). Additionally, based on the requirements in the Charter, the Commission is required to make written findings of fact and state its conclusions based on those findings.

**Analysis**

We have reviewed the record and find that judicial review is not possible based on the record before us. As stated, the City of Memphis is a home rule jurisdiction and as such is exempted from the UAPA requirements, which includes specific requirements on the contents of final orders. Tenn. Code. Ann. § 27-9-114(a)(2). However, the Charter requires that the Commission make "findings of fact and conclusions therefrom" in writing. Charter of the City of Memphis §248. This Court has previously stated that the failure of an agency to make particular findings of fact or conclusions of law may render judicial review impossible. *County of Shelby v. Tompkins*, 241 S.W.3d 500, 503 (Tenn. Ct. App. 2007)(proceeding with review upon finding that there were no disputed material facts and the only issue on review was one of pure law).

The Tennessee Supreme Court addressed the issue of the failure of an agency to make specific findings in *Levy v. State of TN Board of Examiners For Speech Pathology and Audiology*

*et al.,* 553 S.W.2d 909 (Tenn. 1977). As stated by Justice Fones, in discussing the requirements under the Uniform Administrative Procedures statute for findings of fact, conclusions of law and reasons for the decision:

> The foregoing is not a mere technicality but is an absolute necessity without which judicial review would be impossible.

*Id.* at 511. While we concede that the UAPA is not applicable in this case, the City of Memphis has adopted the same requirements in its Charter. Findings of fact are "'essential to the effective review of administrative decisions. Without findings of fact a reviewing court is unable to determine whether the decision reached by an administrative agency follows as a matter of law from the facts as stated as its basis, and whether the facts so found have [substantial and material] support in the evidence.'" *Levy*, 553 S.W.2d at 912 (quoting *USV Pharmaceutical Corp. v. Secretary of Health, E. & W.*, 466 F.2d 455, 462 (1972)). This is especially true when no new evidence is presented in the trial court, and the trial court is only reviewing the evidence presented to the Commission to determine if there is substantial and material evidence to support the findings of fact made by the Commission.

The Commission did issue a written decision. However, this decision does not make any findings of fact nor does it state that the Commission found, by a preponderance of the evidence, that Officer Morris violated DR-104. The Commission merely stated its conclusion that the disciplinary action was reasonable. It is impossible for this Court to determine, based upon the Commission's written decision, whether it applied the proper legal principles. This Court cannot determine whether the Commission, as required, found that the City proved by a preponderance of the evidence that Officer Morris violated DR-104. Further, without the Commission's findings of fact it is impossible to determine whether there is substantial and material evidence in the record to support its factual findings. Consequently, any review by this Court of the issues presented on appeal, would be speculative. See *Levy,* 553 S.W.2d at 913; see also *Shelby County Sheriff v. Shelby County Civil Service Merit Bd.,* Shelby Equity No. 24 1990 WL 84577 at *3 (Tenn. Ct. App. 1990); and *National Council on Comp. Ins. v. Gaddis*, 786 S.W.2d 240, 243 (Tenn. Ct. App. 1989).

We vacate the decision of the Chancery Court. This case is remanded to the Chancery Court of Shelby County for entry of an order to remand to the Civil Service Commission of the City of Memphis with instructions to issue a decision containing findings of fact and conclusions therefrom as required by the Charter of the City of Memphis. Costs of this appeal are taxed one-half against the Appellant, Jason Morris, and his surety, and one-half against the City of Memphis Civil Service Commission, for which execution may issue if necessary.

J. STEVEN STAFFORD, J.